Gayden vs. Railroad Company.

No. 9916.

J. G. GAYDEN VS. LOUISVILLE, NASHVILLE, NEW ORLEANS AND TEXAS RAILROAD COMPANY.

A *remittitur* entered after the verdict of a jury has been rendered, in a case in which the matter in dispute, the sum demanded, exceeds $2000, does not cut off defendant's right to appeal from a judgment rendered against him. This is so particularly when he objects to the *remittitur* being permitted, and the court allows it without prejudice to his right of appeal, and where the plaintiff himself afterwards appealed.

The failure of plaintiff to perfect his appeal does not relieve him from the imputation of admission of the appealable character of the suit

The condition that, should a railroad *not* be built within a stated time, the contract giving right of way shall be null and void, is *resoluotry* in character.

Until the dissolution is judicially demanded for non-performance. the obligor has the right to comply with his part of the contract.

An obligee who is present during the prerformance of the obligation, *after* the expiration of the delay, who does not object, and allows the work to be completed, cannot be permitted by suit, brought more than a year afterward, to demand the value of the land taken for the building of the road, and claim damages, consequent on the use of the grant, and which were not in the contemplation of the parties, when the contract was entered into.

APPEAL from the Sixteenth District Court, Parish of East Feliciana. *Brame*, judge *ad hoc.*

*Merrick & Merrick, Calhoun Fluker* and *D. J. Wedge* for Plaintiff and Appellee:

1  After a remittitur has been properly entered before judgment reducing the demand below the jurisdiction of the Supreme Court, the lower court cannot by any explanatory remarks oust the Court of Appeals of appellate jurisdiction and confer it on the Supreme Court.

2. Where a grant of right of way to a railroad company was made on condition that the grant should be null and void if the company did not complete the road in eighteen months, the lapse of time without the completion of the road leaves the condition broken. C. C. 2038; Dalloz Code Civil Annoté, p. 1024, Art. 1176, No. 1; 17 Laurent, pp. 86 and 87, No. 73.

*T. J. Kernan* and *Farrar & Kruttschnitt* for Defendant and Appellant:
ON MOTION TO DISMISS.

1. Articles 491 and 572 of the Code of Practice establishes a fundamental difference between trials before the court and trials before a jury. 5 N. S. 642; 7 M. 490; 9 R. 240; 16 Ann. 431-4.

2. A *remittitur* after verdict is equivalent to a *remittitur* after judgment, and neither can cut off the defendant's right of appeal. 16 Ann. 431-4.
ON MERITS.

1. A corporation cannot be sued outside of the parish of its domicile for damages arising from the alleged passive breach of a contract. Montgomery vs. La. Levee Co., 30 Ann. 607; Gossin vs. Williams and Morgan's L. and T. Ry. Co., 36 Ann. 186.

2. The grant of right of way made by the plaintiff to the defendant is a bar to this action.

3. The condition expressed in the grant, that it should be void if the road was not completed within eighteen months, was nothing but an express resolutory condition, where

the happening of the condition depended on the act of one of the parties, and was, therefore, not dissolved of right by the failure of the party to do, and could only be dissolved by a preliminary default followed by a suit to dissolve.  C. C. Art. 2047.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The plaintiff claims that this Court has no jurisdiction over this controversy, the matter in dispute not exceeding $2,000.

The suit is for $4,000 for the value of certain lands and for damages done to others.

After issue joined and evidence adduced, the case was submitted to a jury, who returned a verdict for $500 for the plaintiff.

An offer was then made by plaintiff to enter a *remittitur* for all demands exceeding $2,000.  To this the defendants objected as concerned their right of appeal.  The court sustained the objection, allowing the motion however, but without prejudice to the right of appeal.

There was judgment for five hundred dollars for plaintiff, from which defendants appeal.

The plaintiff also appealed, but did not perfect his appeal by giving bond.

There are several reasons for which the motion to dismiss ought not to prevail.

The motion for a *remittitur* was offered too late.

It is true that a party plaintiff has the right to discontinue his suit, but that privilege cannot be exercised under all and any circumstances. The law discriminates.

Where the suit is before the judge alone, the discontinuance can be allowed only when asked *before*, never *after* judgment.   C. P. 491.

Where the suit is before a jury, it must be asked *before* the case is submitted to the jury, until the moment when the jury is about to retire.   C. P. 532.

When there is a reconventional demand, the plaintiff is not permitted to discontinue, so as to affect that demand.

This doctrine has been announced in Applegate vs. Morgan, 5 N. S. 642, and has been applied in several instances.

See Chedoteau vs. Dominguez, 7 M. 490;  Warfield vs. Ludewig, 9 R. 240.

In the case of LeBlanc, 16 Ann. 431, the then Court overruled the motion to dismiss.

It appears there, that, before the verdict was taken in the lower

court, the plaintiff moved to amend his petition by remitting $710 of his demand for $1,000; but on objection of the defendant, the amendment was not allowed, plaintiff excepting, however.

The jury returned a verdict for $800, and thereupon plaintiff entered a *remittitur* for all except $299, for which judgment was rendered against the defendant, who afterwards appealed.

The Court held that the appeal was from a subsisting demand of $1,000, and it took jurisdiction over the controversy. It first remanded the case with instructions; but, on a rehearing, gave judgment for defendants.

In the instant case, although it appears that the lower court allowed the *remittitur* to be entered, the fact is, that the *remittitur* was permitted, expressly, *without prejudice* to the defendant's right of appeal.

A *remittitur* is in the nature of a discontinuance and is governed by the same rules.

The record shows, besides, that after the defendant company had appealed, the plaintiff himself appealed.

It is true that he did not perfect his appeal; but the fact remains that he considered the case as appealable, otherwise he would not have appealed.

We therefore conclude that the *remittitur* entered in this case could not and did not prejudice the right of defendant to appeal.

The motion to dismiss is overruled.

## ON EXCEPTIONS.

The plaintiff sued for $6,000 damages, claimed on five different grounds:

1st. Value of right of way;

2d. Value of twenty acres of land rendered useless;

3d. Damages to plantation rendered less valuable;

4th. Damages by failure to complete road within eighteen months;

5th. Losses incurred and profits missed in certain operations.

The defendant excepted to the jurisdiction of the Court as to claims 4 and 5, which are for the passive breach of a contract and which can be enforced only at the domicile of the corporation in New Orleans.

The defendant likewise excepted to claims 1, 2 and 3, but on account of vagueness.

The Court sustained the exception to the jurisdiction, overruled the others; requiring plaintiff, however, to amend the allegation touching the second claim, which was done.

Defendant excepted again on the ground of no cause of action, and

asked the dismissal of the suit; but the Court overruled these objections.

The only claims now in dispute are those set forth as 1, 2 and 3.

We are therefore dispensed from passing on the ruling as to the question of jurisdiction; the more so as no amendment of the judgment is asked by the appellee.

## On the Merits.

It appears that, on August 19, 1882, the plaintiff granted, bargained and sold to the company a right of way, 100 feet broad, 50 feet on each side of the centre of a railroad to be constructed by defendant, on such line as the company might thereafter adopt as a permanent location for its road—in consideration of the benefits and advantages to be derived from the construction of the road.

The concession was made with the understanding that, should the railroad not be built within eighteen months from date of agreement, the contract shall be *null and void*.

This suit is brought on the assumption that the condition of *building, within* eighteen months, not having been complied with, the contract is null and void and therefore that the plaintiff is entitled to the value of the lands taken and to the damage done by the company.

There is no averment that the corporation was put in default.

The evidence shows that, authorized by the grant, the company entered upon plaintiff's lands and, in March, April and May, 1883, built its road-bed, and in March of the following year laid its track through plaintiff's place; that the first train from New Orleans to Wilson ran in June, and through to Memphis between two and three months later —August or September, 1884.

It also shows that, while the work was progressing, the plaintiff was frequently present, interposing no objection; that the road was graded and the work performed with due precaution as to drainage, protection by cattle-guards and wagon crossings.

The map or plat in the record apparently shows that the route pursued was judiciously selected.

There is no charge or evidence that the defendant has misused the the right of way conceded by the plaintiff.

The claim for value and for damages might have a standing, but for the contract of August 19, 1882.

Hence the question is:

*Whether that contract has or not been dissolved.*

It is true that it provides that *should the railroad be not built within eighteen months from the date, then the contract shall be null and void.*

Gayden vs. Railroad Company.

It is also true that, although the work was *begun* some seven months after the date of the contract, the road was not terminated until March, 1884, and that it was used in June and in September following.

It does not however follow, that, on that account, the contract was *ipso facto* dissolved. Delsol, V. 3, No. 821.

The plaintiff contends that the decision of the case is to be controlled by Art. 2038 R. C. C., which provides that : "When an obligation has been contracted on condition that an *event* shall happen within a limited time, the contract is considered as broken when the time has expired without the event having taken place."

Plaintiff leaves out of view other provisions of law on the subject of resolutory conditions which bear upon this question.

The Code defines the dissolving condition as that which, when accomplished, operates the revocation of the obligation, placing matters in the same state, as though the obligation had not existed. R. C. C. 2045.

It further declares, that the obligation is implied in all commutative contracts, to take effect in case either of the parties do not comply with his engagements, in which case the contract *is not dissolved* of right. It leaves to the party complaining a right to sue for its dissolution with damages, or exact specific performance, according to circumstances.

Indeed, the law wisely so provides, for the obvious reason that, although the obligor may apparently be in default, still he may not be so in reality, and for some good reason, such as *vis major*, obstruction by the obligee, actual or constructive extension of time, etc. This is the reason for which, according to circumstances, the court may allow some further delay for compliance with the obligation. Delsol, vol. 3, p. 483, No. 821.

When the resolutory condition is an *event*, not dependent on the will of either party, the contract is *dissolved of right;* but when that event is dependent on such will, the contract is not absolutely dissolved of right, and its dissolution must be judicially sought. R. C. C. 2047.

Under the spirit and letter of the law, the resolutory condition may therefore consist in an event which does not depend, in any manner on the act of the parties, or it may have for object a fact dependent on the will of one them.

In the first case, it operates its effect of right, while in the second, the party complaining may exercise the right which results from the condition, only by having it judicially ordered as a penal clause.

18

The article relied on by plaintiff refers to an *event* not dependent on the parties; the others allude to acts dependent on the will of either party. With this distiction the case is clear.

Had the plaintiff sued the defendent at the expiration of the eighteen months within which the railroad was to have been built, a different case would have been presented.

The building of that road within that time was a resolutory condition which, by non-compliance, would have had the effect of dissolving the contract, as the event was dependent on the will of the defendant; but the dissolution could not take place and be enforced, unless judicially demanded and declared.

There can be no doubt that the defendants, having failed, without excuse, to build the road within the time limited, the grantor had the right to avail himself of dereliction, and could have had the grant annulled, even in the absence of the express stipulation in the contract, which, as it reads, does not, however, magnify or secure better that right. The law implies such right even when not expressed, on the ground of equity.

By not insisting at the proper time on that right and by permitting the grantees to perform their obligation after the delay had expired, the grantor has lost the right to be heard to demand the dissolution.

Such a contract under that state of things, was not, as a matter of course, dissolved of right by the non-observance by the obligors of the obligation assumed by them. As long as they were not sued for the dissolution, the latter had a right to go on in the performance of their obligation.

The articles of our Code are literal extracts from the French Code. It is in the sense which we have expressed that the provisions in the latter have been understood and expounded. R. C. C. 1912, 2047, 2563; C. N. 1183, 1184.

We have examined the French authorities relied on by the plaintiff, but they do not apply, as they refer to the case of an *uncertain event*, not dependent on the will of either of the parties.

The record shows that it is not until some fifteen months after the road was in running order (September, 1884) that the present suit was brought (January, 1886).

Under such circumstances, it is manifest that the plaintiff has no right of action; the less so, as the value of the land taken and the damages said to have been sustained must have been considered by the plaintiff and covered by the benefits to be derived, when the parties entered into the contract of August 12, 1882.

The refusal of the district judge to give to the jury certain charges asked by the company, is an explanation of the verdict which was rendered in the case and which is unwarranted by the evidence and the law.

It is therefore ordered and decreed, that the verdict of the jury be set aside and that the judgment upon it be reversed; and

It is further ordered and adjudged that plaintiff's demand be rejected with judgment in favor of the defendant company, with costs in both courts.