No. 10,219.

JEAN B. ABADIE VS. MRS. C. E. BERGES.

A document annexed to a petition as part thereof does not inject into it a matter not included in such document and which should be an essential averment in the petition. Documents thus attached are designed to render more certain, to control, to amplify the matters alleged in the petition.

A plaintiff who sets forth *no* cause of action cannot insist on judicial authority to amend his pleadings by inserting *a* cause of action.

A landlord cannot be held to warranty and indemnity against the "acts of the *law*," in the absence of express stipulation to that end.

Should a tenant sustain damage in consequence of a constitutional police legislation, adopted

Abadie vs. Berges.

subsequently to his contract of lease, such as the "*Sunday law*," which forbids the use of the property rented, to a particular use to which the lessee applies it, in a special way and on a special day, such damage is *injuria sine damno*, which is not compensable.

Such legislation could have been foreseen and does not impair rights under the contract.

A landlord cannot be held for deprivation of the use of the property leased, for a particular purpose, where the lease is silent as to the destination, or where the deprivation is limited, temporary, or partial, and is the consequence of valid legislation.

APPEAL from the Civil District Court, Parish of Orleans. *Tissot*, J.

*Alcée J. Ker* for Plaintiff and Appellant.

*Jérôme Meunier* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The plaintiff appeals from a judgment sustaining an exception of no cause of action.

The object of the suit which is brought by a tenant, is to obtain a judicial declaration that his lease to the premises will expire on the 31st day of December, 1889, at an annual rent of $2000, subject to a credit of $15 for every Sunday from the 1st day of January, 1887, until the expiration of the lease as renewed.

It is stipulated, by an additional clause in the lease, which is made part of the petition, that the lessee shall have the privilege of running it, for two years more, at $2000 *per annum*, or $166 66 per month, payable in advance, *provided* he gives a notice three months previous to the expiration of the lease, occurring on the 31st of December, 1887.

The credit is claimed, because of the expiration of the use and enjoyment of the property, since the 1st of January, 1887, when the "Sunday law" went into operation, in consequence of which, plaintiff has been compelled to close the barroom which he previously kept open on said day, on said premises—the deprivation causing an injury of $15 per day.

The lease contains a clause on which plaintiff relies that, should the property be destroyed by fire, or should the lessee be deprived of the use of said premises by some other unforeseen event, not due to any fault or neglect on his part, then the lessee shall be entitled to a credit for the unexpired term of the lease.

I.

The petition does not set forth that three months previous to the ex-

piration of the original lease, on December 31st, 1887, the plaintiff has given notice of his desire to renew it.

It was not enough that the contract secured the renewal on the giving of the notice. It was essential in order that the renewal should take place, that the notice be actually given at the proper time.

The mere fact of annexing the lease to the petition does not inject into that document, an averment which is not in the lease, which, if true, ought to have been specifically set forth in the petition, which was not done.

This was a fatal omission, as the court is powerless to authorize an amendment which would insert a clause of action, when none was previously averred.

## II.

The lease contains no stipulation that the landlord warrants against the acts of the law, or of God; without such stipulation, no recovery can be had, on the well recognized principle that, liability in cases in derogation of common rights, should be specially agreed upon. Troplong, Vte. No. 465–6, Vol. 1.

In the absence of such special clause of warranty, the defendant could not be held liable, for the old maxim reads; "*Actus legis nemini facit injuriam.*"

It therefore follows, that the damage said to have been sustained, if it was occasioned, is *injuria sine damno*, and therefore not compensable.

But if the claim were pressed further and the clause in the lease insisted upon as fully applicable, the plaintiff could still be met by the further answer, that the lease does not stipulate the destination of the property, viz: that it was leased for the purpose of being used as a coffee-house or barroom and that the petition does not allege that the plaintiff was absolutely deprived of its enjoyment. R. C. C. 2697, 2699; 10 L. 20; 11 L. 178.

So that it cannot be even argued that the passing of the law, which was adopted in the legitimate exercise of the police power which can never be abdicated, which could and should have been foreseen, has impaired the contract.

The clause in the lease refers to the destruction of the property by fire and to the deprivation of the use of the same by some other unforeseen event, in which case the plaintiff was to be entitled to a credit for the unexpired time of the lease.

It did not contemplate a case like the present one in which the event could have been foreseen, in which the deprivation is limited and occa-

sional, or temporary, and the credit asked is partial and not entire. See Merlin Vo. Fait du prince, Laurent Vol. 24, No. 224; Vol. 10, No. 442; Vol. 16, Nos. 323, 331.

Judgment affirmed.