(52 South. 269.)

No. 17,823.

GODCHAUX v. HYDE.

(April 11, 1910. On Application for Rehearing, May 9, 1910.)

*(Syllabus by the Court.)*

1. DAMAGES (§ 150*)—PLEADING—LIQUIDATED DAMAGES.

Where the putting of the debtor in default is a prerequisite to the recovery of damages in ordinary cases, it is also a prerequisite to the recovery of liquidated damages or the penalty stipulated for delay in the performance of the contract. A pleading containing a demand for liquidated damages shows no cause of action in the absence of averment that the debtor is in default by the act of the creditor, by the terms of the contract, or by operation of law.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 150.*]

2. PLEADING (§ 225*)—DEMURRER—EXCEPTION —AMENDMENT AFTER DEMURRER SUSTAINED.

After a demurrer to a pleading is sustained by the court, an offer to amend comes too late, but in such a case the ruling does not prejudice the right of the party to renew his demand on proper allegations.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 575; Dec. Dig. § 225.*]

3. DAMAGES (§ 71*)—BREACH OF CONTRACT— ATTORNEY FEES.

Where the terms of a contract are doubtful as to the inclusion of attorney fees as damages, such a demand will be rejected.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 146; Dec. Dig. § 71.*]

Appeal from Civil District Court, Parish of Orleans; Walter B. Sommerville, Judge.

Action by Albert Godchaux against Annie V. Hyde. Judgment for plaintiff, and defendant appeals. Affirmed.

Lazarus, Michel & Lazarus and David Sessler, for appellant. Foster, Milling, Brian & Saal, for appellee.

LAND, J. This is a suit by the plaintiff as the assignee of Fred. N. Johnston to recover certain installments of the price and certain extras alleged to be due under a building contract executed May 15th between said Johnston and Mrs. Annie V. Hyde, defendant herein.

Defendant prayed oyer of the alleged assignment, and the plaintiff replied that the original assignment had been served on the defendant. Thereupon the order to produce was vacated. Upon learning later that the document so served was in the nature of a notice of the assignment, plaintiff amended his petition by alleging that the original contract of assignment was verbal, and that the document served on defendant was notice thereof.

Exceptions of vagueness and of no cause of action were filed by the defendant. The latter exception was overruled, but the former was sustained.

Thereupon plaintiff filed an amended petition, alleging that the plaintiff was the contractor's surety on said building contract; that plaintiff had agreed with the contractor to advance to and pay for account of said contractor such money as was necessary to enable him to carry out said building contract; that, in consideration thereof, the said contractor agreed that all moneys becoming due to him under said contract should be paid to and collected by the plaintiff, and then and there did assign to the plaintiff all his rights under the contract; that it was further agreed that the funds to be so collected were to be applied by the plaintiff to the repayment of the advances to be made by him; that, pursuant to said agreement, plaintiff did advance to said contractor all funds required by him for the performance of said building contract; and that of the amounts so advanced there still remains due and unpaid after deducting all sums received from the defendant a balance of over $4,000.

Defendant for answer admitted the execu-

tion of the building contract, and that two payments of $1,514 each were still due the contractor, Fred. N. Johnston, but claimed an offset of $2,127.40 for demurrage, attorney fees, and defective work, and pleaded a tender of the balance of $900.10.

There was judgment for the plaintiff in the sum of $2,637.60, with interest thereon from judicial demand and costs, and rejecting the demands of the defendant, who has appealed.

Defendant's contention that the proper plaintiff is not before the court is without merit. There was a verbal assignment as alleged, and a written order on the defendant to pay to plaintiff all amounts due Johnston as per contract. As Johnston testified that the plaintiff was entitled to the money sued for, the defendant will be amply protected in paying to the plaintiff, and the exact legal relations between him and Johnston do not concern the defendant.

### Demurrage.

The contractor agreed to complete and deliver the building on or before the 1st day of October, 1906, and it was further stipulated as follows:

"It is agreed that, should said contractor fail to finish said work on or before the time specified, he shall pay to or allow the said owner to keep out of any sum due him on this contract, by way of liquidated damages, the sum of seven $50/100$ dollars per diem for each and every day thereafter the said work shall remain incomplete."

On the trial of the case the plaintiff successfully objected to the introduction of any evidence to establish the damages for delay claimed by the defendant, on the ground that the answer did not aver that the contractor had been put in default for noncompletion of the building. After the objection was sustained, the defendant moved for leave to amend her answer, but the motion was overruled.

Was a putting in default necessary in order to recover the stipulated damages?

Plaintiff's contention is that the breach of the contract being passive, a putting in default was necessary as a prerequisite to the recovery of damages. Civ. Code, art. 1912. A contract may be violated passively by not doing what was covenanted to be done or not doing it at the time, or in the manner stipulated or implied from the nature of the contract. Civ. Code, art. 1931. Where the breach has been passive only, damages are due from the time the debtor has been put in default. Civ. Code, art. 1933. Where there is a passive breach, the debtor may be put in default at or after the time stipulated for the performance by the act of the creditor, when he formally demands that the contract be carried into effect. Civ. Code, art. 1911. Whether the principal obligation contain or do not contain a term in which it is to be fulfilled, the penalty is forfeited only when he who has obligated himself either to deliver, to take, or to do, is in default. Civ. Code, art. 2126; article 2122, Civ. Code.

In Allen v. Wills, 4 La. Ann. 98, the court said:

"The penalty stipulated in case of the failure to finish the house in September was $50 a week, but this penalty did not begin to run until Wills was put in default; for there was no stipulation in the contract that he should be deemed in default by the mere fact of his failure to complete the building at the specified time. See Civ. Code (1825) arts. 1905, 1927, 2122; Rogran, 1230; Merlin, verbo, Peine Contractual, § 3."

The same court in a similar case said:

"As long as the obligee does not demand the execution of the contract, the law supposes that it is because the nonperformance does him no injury. Hence, without a putting in default, damages are not due; nor by consequence the stipulated penalty, which is intended as a compensation for damages. * * * Hence the expiration of the term does not render the penal clause executory, unless it has been stipulated that the obligor should be in default by the mere expiration of the term." Davis v. Glenn, 3 La. Ann. 444.

In the recent case of People's Homestead Association v. John C. Staub, Third Court of Appeals, p. 97, it was held that a putting in

default was a prerequisite to the recovery of damages in a case of this kind. In that case the Supreme Court declined to grant a writ of review.

The office of the penal clause is to assure the execution of the principal obligation and to fix in advance the amount of damages for the breach of the contract. The penal clause is a secondary or accessory contract, and can be enforced only where the debtor is in default for nonperformance of the principal obligation. Where a putting in default is a prerequisite for the recovery of damages, it is also a prerequisite to the enforcement of the penalty. 11 Carpentier, Du Saint, Repertoire, etc., pp. 235–239. Damages fixed by the convention of the parties, or liquidated damages, are governed substantially by the same rules as the penal clause. Civ. Code, arts. 1934, 2125, 2126, 2127; 18 Carpentier, Du Saint, Repertoire, etc., p. 209, No. 233.

Where the damages are stipulated for delay, the mere fixing of the quantum does not dispense with the putting in default of the debtor, nor can such a stipulation convert a passive into an active violation of the contract.

If the creditor is in such a situation that the law will not permit him to sue the debtor for damages, he cannot be allowed to recover them under the name of penalty or liquidated damages.

The following cases are cited in defendant's brief: Berje v. Railway Co., 37 La. Ann. 470, where a contract of affreightment was in question, and the commercial law was applied. See Id. Opinion on application for rehearing.

Sarrazin v. Adams, 110 La. 125, 34 South. 301, where there was "an active disregard by defendants (contractors) of the plans and specifications" in several material respects. That case comes squarely within the definition of Civ. Code, art. 1931, of an active violation of a contract "by doing something inconsistent with the obligation proposed." In the same case the plaintiff claimed demurrage of $5 per day for 104 days. This demand was rejected the court saying:

"She not only went into possession, but urged no objection at the time."

Levy v. Schwartz & Bro., 34 La. Ann. 209, was a case where a cotton press had been constructed unskillfully and not in accordance with the agreement, and the court held that there had been an active violation of the contract, and a putting in default was not necessary. The contract in that case had a penal clause, and the damages were reduced because the agreement had been partially executed. The court, moreover, affirmed the general doctrine that in actions to enforce penal clauses the debtor must be put in default as required in ordinary cases, and applied the rule that, unless there be an express agreement to the contrary, when the contract is executed in part, the damages may be reduced to the actual loss, or the penalty modified, by the judge. Civ. Code, art. 1934, par. 5, and article 2127.

Plaintiff's objection to the evidence offered to prove the alleged demurrage was properly sustained.

The objection went to the sufficiency of the averments of the answer, and was in effect a demurrer. After the objection was sustained, it was too late to amend the answer by setting up a cause of action. Hart & Co. v. Bowie, 34 La. Ann. 325; Abadie v. Berges, 41 La. Ann. 283, 6 South. 529. In State v. Hackley, Hume & Joyce, 124 La. 854, 50 South. 777, this court said:

"Unless a cause of action is alleged, there is no suit and hence nothing to amend."

In the same case the judgment was affirmed without prejudice to the right of the plaintiff to renew the suit on proper allegations.

Holding that the evidence offered by the defendant to prove demurrage was properly ruled out, the same cannot be considered for the purpose of showing that the contractor was in default.

### Attorney Fees.

We can see no merit in this demand under the terms of the contract. The stipulation as to attorney fees is found in a paragraph of the contract giving the owner under certain circumstances the right to terminate the contract and to complete the building at the expense of the contractor, including the expense of the prescribed notice and costs and attorney fees incident to the completion or enforcement of the contract. This paragraph never became operative. The surety bond, which forms a part of the contract, refers to the obligations assumed by the contractor, including the payment of subcontractors, furnishers of materials, and wages of laborers or workmen employed on the building, and guarantees the owner against all liability under Acts No. 134 of 1880 and 180 of 1894, "and from all loss and expense of any kind including all costs of court or attorney fees made necessary or arising from failure or neglect to promptly comply with all the obligations assumed by said contractor." In the same sentence it is stipulated that the contractor shall deliver the building to the owner free from all such claims and liens. We can perceive nothing in these provisions that bind the contractor to pay the attorney fees and costs of the defendant in this case.

No good reasons have been assigned for amending the judgment in favor of the plaintiff as to the small amounts of extras and set-offs allowed by the trial judge.

It is therefore ordered that the judgment below be affirmed, without prejudice to the right of the defendant to renew her demand for demurrage on proper allegations, and that defendant pay the costs of appeal.

### On Application for Rehearing.

MONROE, J. In the District Court, the evidence offered in support of the demand in reconvention was excluded and the demand

rejected. The judgment thus rendered has been amended by this court to the extent that the reconventional demand has been dismissed (practically) as in case of nonsuit, which amendment, necessarily carries with it the costs of the appeal.

It is, therefore, ordered, adjudged and decreed that the decree heretofore handed down be amended in so far as to condemn the plaintiff and appellee to pay the costs of the appeal.

Rehearing refused.