On Rehearing.
MONROE, C. J.
The rehearing having been granted solely upon the question whether the ease should have been remanded or dismissed, we confine ourselves to that question.
The prayer of the petition is that the property sought to be expropriated be adjudged to the parish of Lafayette, upon payment into court of such damages as the owners may sustain, in consequence of the expropriation, “not to exceed $67.60, double the assessed value thereof.” The suit was met by exceptions, to the jurisdiction of the court ratione materiae, of no cause of action, and to the constitutionality of the act under which plaintiff was proceeding, all of which were sustained by the trial court, and plaintiff’s demand was rejected, at its cost. In the opinion handed down, we hold that Act 49 of *853 1910 is unconstitutional in so far as it purports to fix a standard for determining the amount that shall be paid for the property to be expropriated, though not unconstitutional with respect to the provision which rests jurisdiction in the district court; but we also hold that plaintiff’s petition discloses no cause of action. From which it follows that, in sustaining that exception, the trial court properly dismissed the suit, since the Code of Practice declares that peremptory exceptions tend to that result. C. P. 343; Hen. Dig. vol. 2, p. 1169, No. 2
[4] Plaintiff made no attempt to amend either the allegations or the prayer of its petition, hut appealed directly to this court, and its learned counsel now think that the case should be remanded in order to give it an opportunity to amend, but we think not. The purpose of the amendment would, necessarily, be to “alter the substance of the demand” and make it “different from the one originally brought,” and amendments of that kind are not permitted after issue joined, and, still less, after judgment. C. P. 419; Hart & Co. v. Bowie, 34 La. Ann. 323; National Bank v. Moss & Co., 41 La. Ann. 232, 6 South. 25; Abadie v. Berges, 41 La. Ann. 281, 6 South. 529; Godchaux v. Hyde, 126 La. 187, 52 South. 269. It is hardly necessary to say that a judgment maintaining an exception of no cause of action constitutes no bar to the institution of a suit in which a cause of action is disclosed.
For the reasons thus assigned, it is ordered that the decree heretofore handed down be amended and recast so as to read as follows, and, so reading, that it constitute the final decree of the court, to wit:
The judgment appealed from is affirmed in so far as it holds the provisions of said section 14, adopting a standard for ascertaining the amount to be paid to a defendant in the proceeding authorized by the statute, to be unconstitutional, and is so far as it sustains defendants’ exception of no cause of action and dismisses its suit, and it is reversed in so far as it sustains the exception to the jurisdiction of the court, defendants to pay the costs of the appeal, and plaintiff those of the trial court.