No. 2173

Second Circuit

---

LANCASTER AND WALLACE, RECEIVERS OF T. & P. RY. CO., v. LOYD

---

(April 8, 1927. Opinion and Decree.)
(May 13, 1927. Rehearing Refused.)
(July 12, 1927. Writ of Certiorari and Review Denied by Supreme Court.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Obligations—Par. 99, 118, 119.**

A stipulation in a contract whereby a railroad company is granted a right-of-way in consideration of a depot being placed on the property, if the stipulation was legal, the condition

was resolutory and the transferrer had a right to have the transfer annulled after the transferee failed to comply with the condition.

2. **Louisiana Digest—Obligations—Par. 135, 181.**

The burden of proof is on the transferrer in a contract containing a resolutory condition to show that the transferee failed to comply with the conditions.

3. **Louisiana Digest—Obligations—Par. 90, 135.**

Where the evidence clearly shows that a railroad complied with its contract by building a station on the property granted to it, operated its trains, stopping at the station on being flagged for a period of twenty years, it clearly shows that the railroad, the transferee, had complied with its obligation to place and operate a station on premises in consideration of the grant of land for right of way.

4. **Louisiana Digest—Obligations—Par. 52, 71.**

Where the evidence shows that the granting of a railroad right-of-way was made in consideration of the placing a depot on the property and that thereafter the railroad company and the grantor joined in subdividing the property and selling lots, the transactions have a tendency to cause the company to deviate from its duty to the public in locating its stations and, therefore, the transaction is invalid.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by J. L. Lancaster and Charles L. Wallace as Receivers of the Texas & Pacific Railway Company against Will R. Loyd.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Wise, Randolph, Rendall & Freyer, of Shreveport, attorneys for plaintiff, appellant.

Foster, Hall & Smith, of Shreveport, attorneys for defendant, appellant.

WEBB, J. This is a petitory action in which the plaintiff, Receivers of the Texas & Pacific Railway Company, seek to obtain judgment against W. R. Loyd, recognizing them as the owners and placing them in possession of an undivided one-half interest in Lots 14, 15 and 16 of Block 15 of Hosston in the parish of Caddo.

The parties deraign their titles from a common author, J. M. Hoss, and the title exhibited by plaintiffs consists of a transfer by J. M. Hoss to the Texarkana, Shreveport and Natchez Railway Company of date December 8, 1898, recorded on the conveyance records of date March 27, 1899, and a transfer by the Texarkana, Shreveport and Natchez Railway Company to the Texas & Pacific Railway Company of date February 9, 1901, recorded on the same date, and the order of the United States court appointing plaintiffs receivers; while the title exhibited by defendant consists of a transfer from the heirs of J. M. Hoss of date April 2, 1913, recorded on June 23, 1913, and defendant called his vendors in warranty.

The transfer by J. M. Hoss to the Texarkana, Shreveport and Natchez Railway Company includes a strip of land for the right-of-way and also an undivided one-half interest in a certain tract of land which includes the property in dispute, and as to the latter tract the act of conveyance stipulates that the convey-

ance is made "with the understanding that a station and depot is to be placed on said land by said railroad company, and in the event of the failure of said company to do this within one year from this date, this land is to revert to the vendor without any cost or payment of money by him to said railroad company"; and the defendant and warrantors attack the transfer on the ground that the stipulation is in conflict with and against public policy and that the transfer was null and void; and, in the alternative, that the transferee had not complied with the stipulation.

The plaintiff pleaded that defendants were estopped to contest the validity of the transfer, which plea was referred to the merits; and the evidence which might tend to support the plea was offered in connection with the evidence on the merits; and the plaintiffs appeal from a judgment rejecting their demands.

### OPINION

The attack made upon plaintiff's title is twofold, one relating to the want or failure of consideration, and the other to the legality of the consideration; it being contended, as to the first, that the stipulation was a suspensive condition and that the title did not pass, and, in the alternative, that it was a resolutory condition and that plaintiff, or its ancestor in title, had not complied with the condition.

Counsel do not appear, however, to press the contention that the stipulation was a suspensive condition, and conceding the legality of the stipulation, we think that the title passed and that the stipulation, if a condition, was resolutory, and that the right of the transferrer was to have the transfer annulled if the trans-

feree failed to comply with the condition (Gayden vs. Louisville, etc., R. R. Co., 39 La. Ann. 274 18 South. 792), and in such case the transferrer would bear the burden of proof.

The transfer was made more than twenty years prior to the date of the suit, and while the evidence offered does not fix the exact time when the road was completed to Hosston, or when a building was erected by the company on the property where the train operated by it stopped on being flagged, and that the building was used as a depot or for the storage of freight, and it is not shown the service rendered was inadequate to conditions existing at that time; and it further appears that after the period of time as stipulated for the location of the depot, that the grantor's representatives had joined with the grantee in subdividing the property and in making several transfers of lots in the subdivision, and we cannot say that the evidence shows that the grantee failed to comply with the stipulation, and on this point the defendants' attack fails.

As to the legality of the stipulation, the defendants base their contention on the decisions in Heirs of Burney vs. Ludeling, 47 La. Ann. 73, in which he court said:

"A railroad company is a quasi public agent, and it is its duty independent of any agreement to secure an advantage to the corporation, to establish its stations at points most convenient for the public interests. An agreement, therefore, by the corporation for a part of the land to establish its depots and hotels at particular points is illegal."

And upon the opinion in Louisiana Ry. & Nav. Co. vs. Railroad Commission, 121 La. 858, 46 South. 884, where the court,

with reference to agreements by the corporation for an interest in lands in consideration of the location of a station in the vicinity, cited People vs. Chicago, 130 Ill. 175, 22 N. E. 837, in which case it was said "that contracts binding the power to locate depots are against public policy".

The plaintiffs contend, however, that the expression used by the court in the former case was obiter dicta, in that it appeared that the transaction considered in that case was made by and for the benefit of the directors, and that in the latter the validity of the transaction was not at issue, and it is urged that neither of the cases cited control the present case, and that the weight of authority is that when the transaction is by the corporation and accrues directly to its benefit, it is not per se invalid but its validity is dependent upon whether the interest of the public has been prejudiced; citing Elliott, Vol. 2, Secs. 382 and 386; Atlanta, etc., Ry. Co. vs. Crump, 130 Ga. 1, 60 S. E. 170; also Woodstock Iron Co. vs. Richmond & Danville R. R. Co., 129 U. S. 643, 32 Law Ed. 819.

Hence plaintiffs contend that defendants were bound to show that the public interest had been prejudiced by the location of a depot at Hosston, or, if the burden of proof was on plaintiffs, that it was discharged by the evidence which showed that the railroad company had located other stations at short distances apart in that locality.

While there is a distinction made as to the validity of transactions for the location of stations by the company, it is conceded that where the directors of the company have stipulated for the location of stations in consideration for the benefit to them individually, that the transaction is invalid per se; and while the authorities cited by plaintiffs state that the situation is different when the benefit inures directly to the company, yet it is not stated that in all cases where the benefit inures directly to the company that there is a presumption of validity.

The reason upon which such transactions, where the benefit accrues to the directors, is declared to be invalid is that the law will not give its sanction to any agreement having a tendency to cause the directors to deviate from their duty to the public to have the stations located at places most convenient (Woodstock Iron Co. vs. Richmond & Danville R. R. Co., 129 U. S. 643); and while such reason would not be applicable where the benefit accrued directly to the company and the right or property acquired was necessary or convenient for the company's use in the transaction of its business, yet where the stipulation for the location of a station is made in consideration of an interest in property, which the stipulation and the evidence shows was not to be acquired for the purposes of the company's business but for the purpose of being subdivided and sold, we think such transactions may be properly said to have a tendency to cause the company to deviate from its duty to the public in locating its stations, and the law will not sanction such transactions.

It is conceded there are decisions from other states in which it has been held that such a transaction as is presented here is per se invalid, and that the expres-

sion used by the court in Heirs of Burney vs. Ludeling, supra, are sufficiently comprehensive to cover the present case; and while it is possible to distinguish the facts in that case from the present, the expression was deliberately used, and we think it is supported by reason, and that the ruling in that case is applicable to the present.

The judgment appealed from is therefore affirmed.