No. 9804
Orleans

---

WINSBERG v. LASSEIGNE

---

(Opinion and Decree.)
(June 20, 1927. Rehearing Refused.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Obligations—Par. 158.**
   In a suit for damages for breach of contract to sell real estate, plaintiff must allege and prove "putting in default."

Appeal from Civil District Court, Div. "A." Hon. Hugh C. Cage, Judge.

Action by Herman Winsberg against Miss Armance Lasseigne.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

E. E. Talbot, J. L. Toler, of New Orleans, attorneys for plaintiff, appellant.

Jos. D. McGovern; J. A. Morales, of New Orleans, attorneys for defendant, appellee.

JONES, J. This is a suit for five hundred ($500.00) dollars damages for breach of contract to sell certain real estate for four thousand ($4,000) dollars.

Petitioner alleges that the offer was made on February 16, 1924, was accepted on February 18, 1924; that the deed to the property was then delivered by defendant to plaintiff's agent for examination of title, which proved satisfactory; that within the time given for performance plaintiff both personally and through her agent requested defendant to call at the office of the notary to sign the deed but defendant delayed and finally refused performance and through her attorney on May 3rd attempted to nullify the contract; that many written formal demands were made on defendant to carry out contract, which had been promptly recorded in the Mortgage Office and finally on May 31, 1924, plaintiff, with notary and witnesses, made formal tender; that in the meanwhile plaintiff had made a contract to sell the property for forty-five hundred ($4500.00) dollars and therefore he had lost five hundred ($500.00) dollars.

Defendant filed exceptions of vagueness and no cause of action which were over-

ruled and then an answer admitting the agreement to purchase, but averring that plaintiff had failed to perform within the seventy-five days allowed and that the tender and demand were made after she had on May 3, 1924, the last day for performance, demanded the return or her deed.

The Judge of the lower court decided that there never had been any putting in default, which was a condition precedent to the recovery of damages and appeal was taken.

The record shows that the offer to sell, which was made on February 16th and accepted on February 18th, contained the following clause:

"Act of sale to be passed before purchaser's notary within seventy-five days at the expense of the purchaser."

That plaintiff's agent wrote defendant at her residence (1) on February 23rd, telling her she must comply with her contract and asking her to discuss the matter; (2) on May 3rd, telling her that the act of sale would be passed at his notary's on May 6th; (3) On April 29th, requesting her to go to notary's office and clear up a tax sale; (4) On May 7th plaintiff himself wrote demanding that she appear at the office of his notary and sign the deed under penalty of suit for specific performance, if she failed to do so. In this letter plaintiff asked that she let him know her decision by May 12th.

Meanwhile, on May 3rd, defendant, thinking the time expired that day, through her attorney had written plaintiff's agent demanding return of his deed, because plaintiff had failed to carry out the contract.

Plaintiff's agent, Van Horn, contends that he called upon defendant at her office on May 3rd with his associate, Leaman, to have her straighten out the matter, but she declined to go further, but plaintiff herself says that this interview did not take place until May 5th, because she did not get plaintiff's letter of May 3rd until that night when she reached home; that the next day was Sunday and she did not see the two agents until Monday, May 5th.

We think that defendant's remembrance of the date more probable because the record (quoted above) shows that Leaman one of the agents, wrote defendant at her home on May 3rd that the act would be passed on May 6th and he would hardly have called on her the same day to make a different demand.

Furthermore, we think that the receipt of defendant's attorney's letter, which was written on May 3rd, and probably received on May 5th, expedited the matter. At any rate, there never was any putting in default within seventy-five days, whether it be calculated from February 16th or February 18th.

Plaintiff's attorney argues that the time for performance of the contract was intended for the protection of the purchaser and that the seller cannot rely upon it. We consider that it was a stipulation for the benefit of both parties and that defendant had a right to refuse performance after the time had expired. (See Civil Code, Art. 2038.)

On support of his view plaintiff cites the decision of the Supreme Court in Gayden vs. L. & N. Ry. Co., 39 La. Ann. 269, 1 South. 792.

In that case plaintiff sold a right of way to defendant on the condition that

the right of way should be null and void if the railroad was not built in eighteen months. The road was not completed in the specified time and plaintiff sued for the value of the land taken and for damages. There was no averment of default. The evidence showed that plaintiff was frequently present during the completion of the work and made no protest and that the suit was not brought until fifteen months after the road was in running order.

Judge Bermudez held that plaintiff had waited too long; that the event dissolving the contract was dependent upon the will of the defendant and in such cases the contract was not dissolved of right but suit was necessary.

That decision does not apply here, for defendant asserted her position frankly and demanded return of her deed on May 3rd.

We agree with the lower Judge that proof of putting in default was an essential requisite to recovery of damages.

On this point see C. C., Art. 1913, 1914, 1933, and the following decisions:

Defel vs. Covington, 37 La. Ann. 661.

Livingston vs. Scully, 38 La. Ann. 781.

Darragh vs. Vignes, 126 La. 171, 52 South. 264.

Godchaux vs. Hyde, 126 La. 187, 52 South. 269.