No. 3976

Second Circuit

(Second Division)

HARRIS v. LOUISIANA STATE NORMAL COLLEGE ET AL.

(May 7, 1931. Opinion and Decree.)
(June 11, 1931. Rehearing Granted.)

M. L. Dismukes and W. Peyton Cunningham, of Natchitoches, attorneys for plaintiff, appellant.

Thornton, Gist & Richey, of Alexandria, attorneys for defendants, appellees.

CULPEPPER, J. This is a suit for Workmen's Compensation brought by the widow of William Harris, who was killed in a fall while painting one of the smokestacks alleged to belong to defendant Louisiana State Normal College, hereinafter referred to as the college. The petition sets out that plaintiff's husband was earning, at the time of his death, $15 per day or $90 per week. Plaintiff prayed for service upon the college, through V. L. Roy, its president, and through the Louisiana State Board of Education, hereinafter referred to as the state board, by service and citation on H. H. White, president, and T. H. Harris, secretary. It was alleged that the Southern Casualty Company of Alexandria, La., hereinafter referred to as the casualty company, was liable in solido with said defendant Louisiana State Normal College, by reason of a contract of insurance and accordingly it prayed for service on that company. Suit was filed on August 27, 1928.

The court ordered the cause to be heard on October 5, 1928. Citations were issued and service made as prayed for. On September 7, 1928, the defendants above named filed an answer, as required by the Compensation Act (Act No. 20 of 1914, sec. 18, subsec. 2, as amended by Act No. 85 of 1926, sec. 18, subsec. 2), and, in addition to setting out their versions of the controversy, alleged substantially that the college is owned by the state of Louisiana, which conducts the college as an educational institution; that it is not one of the occupations covered by the compensation laws of Louisiana. It was also alleged in the answer that the state board did not employ plaintiff's husband.

The casualty company is alleged not to be a proper party to the suit because there were no contractual relations between it and plaintiff's deceased husband other than such as the compensation law has read into the contract of insurance; that no cause of action lies directly against an insurance company except under certain conditions not shown by plaintiff's petition. On the same day the answer was filed, the defendants filed exceptions of no cause of action.

On October 4, 1928, the exceptions were tried and taken under advisement by the court. On October 17th, the exception filed by the casualty company was sustained, but overruled as to the state board and the college, with right given to plaintiff to amend her petition if she "sees fit, to allege that the Louisiana State Normal College is an incorporated public board." No formal judgment dismissing the suit against the casualty company appears to have been signed.

On April 16, 1929, plaintiff filed an amended petition in which it sets out that the exception of no cause of action filed by the casualty company had been sustained, but overruled as to the other two defendants, and that, availing herself of the leave granted, she amended her origi-

272

nal petition by alleging that the college was "an incorporated public board, body or commission and institution authorized by law to hold property and to sue and be sued, * * * and under the direct supervision of the Louisiana State Board of Education, an incorporated public board," and that these two corporations and the casualty company were indebted in solido for the compensation claimed. The three defendants again excepted that the petition as amended disclosed no cause or right of action against any of them. The college and the state board also excepted to the citation.

The exceptions indicated, to the petition as amended, were tried and again sustained as to the casualty company, but as to the college and the state board were sustained only as to the amended petition, but with further leave to amend. No judgment of dismissal as to the casualty company appears to have been signed.

On October 23, 1930, plaintiff, reciting that the exceptions to the service and citations of the petition as amended were sustained, and that the exception of no cause of action filed by the casualty company to the petition as amended had been sustained, again amended her petition, by copying, word for word, article 4 of the first supplemental petition, which was the only amendment to the original petition, and praying for service against the college, the state board, and the casualty company. Service was again made on the three defendants.

The college excepted in bar of the suit, want of capacity to be sued and tendered specially the plea of nul tiel corporation. It averred that under article 12 of the Constitution of 1921 and Act 100 of 1922

the state board conducts the college and other institutions therein named, and that the college is not a corporation or body politic, and is therefore, without "capacity to sue, to be sued or to stand in judgment." The state board and the college joined in a plea to the jurisdiction of the court because the college is not a corporate body and that the domicile of the state board is in the parish of East Baton Rouge. The casualty company, in the meantime, had gone into the hands of a receiver, and, it was set out in a further exception, the receiver could only be sued in Rapides parish, where the receivership was pending. It further excepted that exceptions of no cause of action filed by it had been twice sustained, and that it pleaded in bar of any further proceedings these two dismissals, and that they were res judicata. All of these exceptions and pleas to the second supplemental petition were overruled, except the plea of the state board to the jurisdiction of the court was sustained "in so far as a personal judgment might be obtained against" it, but the minutes further recite:

"As the State Board of Education is domiciled in the Parish of East Baton Rouge (it) could not be properly sued in this Court to the extent of obtaining judgment against them, but the Court holds that whatever citation made on the State Board of Education is good to the extent of whatever effect it might have of serving a citation on the Louisiana State Normal College."

The casualty company and the college then answered the second supplemental petition reiterating, in substance, the defenses previously made. The case was then tried and judgment rendered for plaintiff against the college and the casualty company in solido, for $6.82½ per week,

not to exceed 300 weeks, but, the judgment continued:

"The demands of plaintiff against the Louisiana State Board of Education be sustained only insofar as may be necessary in order to affect the Louisiana State Normal College."

From this judgment the defendants cast alone have appealed.

The casualty company is cast in the judgment on a petition which was twice dismissed as to it on exceptions of no cause of action. No reservation was made to amend the petition as to it, no motion for a new trial was timely filed by the plaintiff to correct either of the rulings made sustaining the exceptions, no appeal was taken by the plaintiff and no answer to the appeal has been filed.

The attempt to amend the original petition the first time added only the allegation that the college was a body corporate.

The second attempt to amend made no addition whatever either to the original petition or to the first amended petition, except to recite that the court had given plaintiff leave to amend. The result was that the casualty company was held liable on pleadings by the plaintiff that had been twice held in the same suit to disclose no cause of action against it. Neither the first nor the second amendments should have been allowed as against the casualty company, and the judgment against it is therefore clearly erroneous.

"A petition upon which no judgment can be pronounced does not show a cause of action; and a petition which does not show a cause of action is, legally speaking, no petition, and hence cannot be amended. For definition of a petition, see American Sugar Refining case, 138 La. 1014, 71 So. 137. In Abadie v. Berges, 41 La. Ann. 283,

6 So. 529, the Court said: 'The court is powerless to authorize an amendment which would insert a cause of action when none was previously averred.' In State v. Hackley, Hume & Joyce, 124 La. 854, 50 So. 772, the court said: 'Unless a cause of action is alleged there is no suit, and hence nothing to amend.' See these cases quoted with approval in Godchaux v. Hyde, 126 La. 187, 52 So. 269; Tremont Lumber Co. v. May, Assessor, 143 La. 389, 78 So. 650."

Learned counsel for the plaintiff contends that Act 73 of 1892, granting corporate powers to the college, has not been repealed by subsequent legislation, and that its governing body must be construed as having power to sue and be sued.

The state board is created by the Constitution of 1921, and "the Legislature shall prescribe the duties of said board and define its powers." Article 12, sec. 4. The college is declared to be one of the higher institutions of learning and is placed under "direct supervision of the State Board of Education." Article 12, sec. 9.

Act 100 of 1922, sec. 1, provides that the "State Board of Education shall be a body politic, and corporate by the name and style of the Louisiana State Board of Education, with authority to sue and defend suits in all matters relating to the public schools not within the jurisdiction of the parish school boards, as hereinafter provided."

Section 6 provides that the state board shall administer the affairs of the college and the other institutions therein named, and in its management and control, shall have the power to appoint an executive committee with such power as may be conferred by the state board. Section 69 repeals all laws in conflict with the provisions thereof.

Thus it will be seen that the creation of the state board as a corporate body, and the conferring upon it of the control and management of the college, the latter was left without any corporate function to perform, and thus it ceased to exist as a corporate body. When the Legislature, pursuant to the power conferred by the Constitution, created the state board a corporate body with power to sue and be sued, and repealed all laws in conflict therewith, the transfer of such powers, including the power of direct supervision over the college, to said state board we think became complete, and the college as a corporate body, with power to sue and be sued, automatically passed out of existence. See Succession of Hutchinson (Re Medical College, Tulane University), 112 La. 656, 36 So. 639; Tulane Educational Fund's Adm'rs v. Board of Assessors, 38 La. Ann. 292.

When, therefore, the plea to the jurisdiction filed by the state board was sustained, the only remaining body that could stand in judgment was eliminated from the case, and, since the plaintiff has neither appealed from this judgment, nor answered the appeal taken by defendants, no other or further affirmative relief may be granted plaintiff on the merits, even if the record should so justify, about which it becomes unnecessary for this court to express an opinion.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be reversed, and that there now be judgment sustaining the plea of nul tiel corporation on behalf of the Louisiana State Normal College, and further sustaining the defense made by the Southern Casualty Company, as made, reserving to plaintiff whatever right, if any she may have, to pursue whatever legal remedy she may have, and reserving to defendants such defenses as they may have; the plaintiff to pay the costs of both courts.

---

## ON REHEARING

STEPHENS, J. After further consideration of this case on rehearing, we are of the opinion that we were in error in holding that the judgment against the Southern Casualty Company should be reversed, for the reason that the district judge allowed amended petitions to be filed and the suit continued in effect against said company after having sustained two exceptions of no cause of action in its behalf. The judgments sustaining the exceptions and dismissing the suits were not signed and the correctness of the rulings of the trial judge in these respects are not properly reviewable by this court. However, the decree in our original opinion is not affected thereby, as clearly no judgment can be rendered against the Southern Casualty Company.

We held in the original opinion, and we think correctly, that the defendant the Louisiana State Normal College was not an incorporated public board, body, commission or institution authorized by the laws of the state to hold property, or sue and be sued. Section 1 of Act No. 20 of 1914 therefore does not apply to the Louisiana State Normal College. As an action will not lie in favor of plaintiff and against the college, it necessarily follows that an action cannot be maintained in favor of plaintiff and against the insurer, the Southern Casualty Company.

It is therefore ordered that the decree with the reservations therein contained in our original opinion be reinstated and made the final judgment of this court.