## Davis v. Glenn.

Where a building contract stipulates that the building shall be completed and delivered by a certain time, under a fixed penalty "per month for each house," the builder must be put in default to entitle the other party to recover the penalty. C. C. 2122.

Where a payment in kind is made, of slaves estimated at a certain sum, on account of a debt due by contract, and the slaves are reclaimed as an over-payment, the party to whom they were delivered will be liable merely for interest from the demand for restoration, and not for the value of the hire of the slaves.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.

*M. M. Robinson*, for the appellant, argued that the judgment below was erroneous on various questions of fact, and in condemning the plaintiff to pay the costs of the suit below. the judgment being in his favor for a large portion of his claim. "In every case the costs shall be paid by the party *cast.*" C. P. 549. In the case of *Walsh* v. *Collins*, 11 Mart. 576, Mathews, J., in pronouncing the opinion of the court, says: "The suit being for the whole tract of land, and the plaintiff having recovered one-half, full costs ought to have been adjudged to him." It had been contended that the plaintiff in that case could not recover costs, because he had failed in part of his claim. The decision is conclusive as to the fallacy of the idea which has misled the judge of the lower court in this case.

*Conklin*, for the defendant, contended that he was released, by the subsequent agreement for extra work, from the obligation to deliver the houses at the time originally stipulated.

The judgment of the court was pronounced by

SLIDELL, J. This litigation grows out of a building contract. The plaintiff asks to recover back alleged over-payments, and also damages for the alleged defective character of the work, and a forfeiture, at the rate of $50 per month, for each house, pursuant to contract, for delay in their completion. It was alleged by the petitioner that a portion of his payment had been made by delivering two slaves at the times and rate stipulated in the contract, and he asked the restoration of the slaves, with wages from the dates of their delivery. The defendant pleaded the general denial, and set up claims in reconvention. After a careful consideration of the cause, which involves mainly questions of fact, and presents much contradictory evidence, the district judge stated in detail the account between the parties. He allowed the defendant credit, according to the stipulations of the original and amended contract for the buildings, and also some items of extra work not specified in the contract. He allowed the plaintiff credits for the payments made by him, and other items, among which is an allowance of $600, as a penalty under the original contract for the delay in completing the buildings. The result of his opinion was that the plaintiff should pay the defendant $265 16, and should also pay the costs of suit; and that the slaves should be restored to the plaintiff. As the slaves had been estimated in the contract, and were given in payment at a value of $1.300, the result of this judgment was to recognize the plaintiff as having made an over-payment to the extent of $1034 84. From this judgment the plaintiff appealed ; and the defendant has asked that the judgment be amended in his favor, by relieving him from the charge of $600.

If the appellee had filed an answer seasonably, as required by the 890th article of the Code of Practice, we should have declared the judgment erroneous

in that particular. Under the original contract it was stipulated that one of the buildings was to be finished·in the ensuing January and the other in the ensuing March, under a penalty of $50 per month, for each house. But subsequently an agreement was made by which the plan of the buildings was changed by the addition of an attic to each house, and by other work, for which an additional price was stipulated. This second contract contained no stipulation for a time at which the work should be completed ; and it would be unreasonable, in the silence of the parties, to extend the penalty to the new contract, and consider it as still contemplated, though new work was added which would materially increase the time necessary for performance. Moreover, there is no evidence that the defendant was put in default.

By article 2122 of our Code it is declared that, " whether the principal obligation contain or do not contain a term in which it is to be fulfilled, the penalty is forfeited only when he who has obligated himself either to deliver, to take, or to do, is in delay" (est en demeure). As long as the obligee does not demand the execution of the contract, the law supposes that it is because the non-performance does him no injury. Hence, without a putting in default, damages are not due; nor, by consequence, the stipulated penalty, which is intended as a compensatien for damages. In the roman law it seems that the penalty was incurred by the expiration of the term, according·to the maxim, Dies interpellat pro homine ; but in France, under the Napoléon Code, which we have copied, the principle was followed which controls the right to damages, except in a limited class of cases, and makes the putting in default a prerequisite. Hence the expiration of the term does not render the penal clause executory, unless it has been stipulated that the obligor should be in default by the mere expiration of the term. See Civil Code, arts. 1927, 1905. Napoléon Code, arts. 1230, 1146. Rogron, 1230. Merlin, verbo Peine Contractuelle, § 3.

The plaintiff and appellant has presented various items, which he contends were improperly rejected in the court below. Among them are some small items amounting to $139, being, as he contends, over allowances made by the judge of the court below in estimating extra work. There is also an item for $680, for hire of slaves from the date of their delivery; and one of $800 claimed as damages for the alleged inferiority of the building to the standard contemplated by the contract. The appellant also contends that he was improperly charged with costs.

The item for hire was properly rejected. The slaves were estimated by the contract at a certain sum, for which they were to be given in part payment of the price of the work. If there had been no stipulation for paying $1,300 in that mode, and $1,300 had been paid in cash, the liability would have been for the return of so much in case of over-payment and interest merely; and such interest, in the most favorable view to the plaintiff, would only have been recoverable from the demand of restoration. We see no reason for applying a different rule because a payment in kind, of property estimated at a specific sum, was substituted for a payment in money, in partial satisfaction of the entire price of the work. Besides, these slaves were delivered at an early period of the work; much larger payments were subsequently made, and we do not understand how the plaintiff has a right to fix the over-payment upon the slaves, an earlier item of payment.

As regards the remaining item of $800, the evidence is quite contradictory; and, even if we felt authorized to disturb the judgment of the court below,

DAVIS
v.
GLENN.

which rejected this claim *in toto*, we certainly could not allow the claim to the full extent.

Considering that, under the judgment as it stands, the plaintiff has the benefit of an erroneous allowance of $600; and that if, on the other hand, there be errors against him, it is not clear under the evidence that they amount, with the addition of the costs erroneously charged, to a sum equal to $600, we think the equity of the case will be best met by affirming the judgment. Although the appellee by the failure to. file his answer seasonably, lost the right to attack the judgment for the purpose of changing it in his favor, he has a right to avail himself of the error made to his detriment by the court below as a protection against a change asked by the appellant.                          *Judgment affirmed.*