SWENSEN et al. v. CUNNINGHAM et al.*

(Circuit Court of Appeals, Fifth Circuit. December 10, 1907.)

No. 1,699.

WRIT OF ERROR—QUESTIONS REVIEWABLE—TRIAL TO COURT.

Where an action at law was by stipulation tried in a Circuit Court without a jury, and a general finding was made and judgment rendered for defendants on conflicting evidence, the previous overruling of a motion to find for plaintiff cannot be assigned for error in the Circuit Court of Appeals, since it involved the decision of questions of fact as well as law, and the appellate court can look into the evidence only to ascertain whether there is any substantial evidence to sustain the judgment rendered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3979–3989.]

In Error to the Circuit Court of the United States for the Northern District of Texas.

D. W. Doom and W. T. Andrews, for plaintiffs in error.

S. H. Cowan, J. M. Wagstaff, and I. H. Burney, for defendants in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. This action involves the correct boundaries of numerous sections of land in Motley county, Tex., and was by stipulation tried in the Circuit Court without a jury. After the admission of 57 pages of written and oral evidence and some 7 charts or maps of the surveys of the lands involved, the plaintiffs moved the court to find upon the whole evidence as a matter of law for the plaintiffs. This motion was overruled, and the court found generally for, and judgment was rendered for, the defendants. The plaintiffs below excepted, and on this writ assign the overruling of their motion as error warranting reversal.

For authority to thus change the writ of error into an appeal, counsel rely upon City of St. Louis v. Western Union Telegraph Company, 148

*Rehearing denied January 21, 1908.

U. S. 92, 13 Sup. Ct. 485, 37 L. Ed. 380, and United States Fidelity
& Guaranty Company v. Board of County Commissioners of Woodson
County, 145 Fed. 144, 76 C. C. A. 114. Neither of these cases support
the plaintiff in error's contention here, where the question is fully as
much one of fact as of law. Under the exception taken, Martinton v.
Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862, St. Louis v.
Rutz, 138 U. S. 241, 11 Sup. Ct. 337, 34 L. Ed. 941, Runkle v. Burn-
ham, 153 U. S. 216, 14 Sup. Ct. 837, 38 L. Ed. 694, and Beutell v.
Magone, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654, are authorities
which warrant this court to so far look into the evidence as to ascer-
tain whether there was sufficient, if credited, to support the judgment
rendered; but we cannot go further into the facts.

The judgment of the Circuit Court is affirmed.