141 So. 377

## HAFFNER & TAYLOR v. PERLOFF.

### No. 29531.

Feb. 29, 1932.

Rehearing Denied March 30, 1932.

Hopkins & Talbot, of New Orleans, for appellants.

Benjamin Y. Wolf, of New Orleans, for appellee.

O'NEILL, C. J.

This is a suit for a balance due on a contract for the construction of a building, and for extra work done on the building and on another building on the premises. The balance due on the contract price was $1,300.07 and the amount claimed for extra work on both buildings was $1,612.87. The defendant, answering the suit, claimed that the balance of $1,300.07, which would otherwise be due under the contract, was offset by $1,300 for liquidated damages, for 26 days' delay in the completion of the work, at $50 per day, as stipulated in the contract. He denied that the items sued for as extra work, amounting to $1,612.87, were in fact extra work, and averred that they were included in the contract. The court gave judgment for the defendant for the $1,300 liquidated damages, leaving a balance of 7 cents due under the contract, and gave judgment for the plaintiffs for $1,555.37 for extra work. The judge rejected, from the claim of $1,612.87 for extra work, an item of $57.50, as to which the plaintiffs are not complaining. They have appealed from the judgment, which allows them the net sum of $1,555.44, because they complain of the allowance of liquidated damages against them, and complain of the failure of the judge to recognize a lien on the defendant's property to secure the payment of the $1,555.37 for the extra work done. The defendant has filed an answer, asking that the judgment against him be reduced $976.72.

▮▮ Our opinion is that the defendant is not entitled to damages for the delay in the completion and delivery of the building. The contract was for the construction of a brick building fronting on Frenchman street, at the corner of Decatur street, in New Orleans. There was an old building on the rear of the lot, fronting on Decatur street. · The contract did not call for any work to be done on the old building; but, while the new building was being completed, the owner employed the contractors to renovate the old building, and most of the extra work charged for on the plaintiffs' bill is for work done on that building. The owner also required changes to be made, and extra work to be done, in the construction of the new building, after the work was commenced. The changes thus made in the specifications and the extra work done on both the new and the old building is what caused the delay of about 26 days in the completion and delivery of the new building. It was stipulated in the second paragraph of the contract that the work was to be completed on or before a specified date; and it was stipulated in the eighth paragraph that if the contractors failed to finish the work at or before the time agreed upon they would pay or allow the owner $50 a day as liquidated damages for every day thereafter that the work should remain incomplete. On the trial of the case the attorney for the plaintiffs objected to the introduction of any evidence to sustain the defendant's claim for liquidated damages, on the ground that there was no allegation or showing that the plaintiffs were put in default. The judge overruled the objection on the ground that the stipulations of the contract did away with the necessity for a putting in default. The ruling appears to be contrary to the rulings in Davis v. Glenn, 3 La. Ann. 444; Allen v. Willis, 4 La. Ann. 98; Godchaux v. Hyde, 126 La. 187, 52 So. 269, and Herman Bros. v. Troxler, 166 La. 587, 117 So. 727. In those cases it was held that the mere expiration of the term stipulated for the completion of the work, without the work's being completed, did not render the penal clause executory, unless it was stipulated also that the contractor should be in default by the mere expiration of the term stipulated. It was held also that the mere failure to finish the work within the time stipulated was a passive violation of the contract, and did not render the contractor liable for damages until he was put in default or unless he waived the putting in default. It was alleged in the defendant's answer to this suit that the contractors waived the putting in default, but the preponderance of the evidence is the other way. The owner of the property, by requiring extra work to be done after the building was under construction, not only on that building but also on the old building on the premises, and by failing to insist that all of the work on the new building should be done before the expiration of the term stipulated in the original contract, waived the penalty stipulated in the contract. There is no showing or claim that the defendant suffered any actual damage by the failure of the contractors to complete the building within the time stipulated. Under the decisions which we have cited, the defendant here is not entitled to the damages stipulated as a penalty for a failure of the contractors to complete the work within the time stipulated.

The evidence sustains the allowance of $1,555.37 for extra work. Every item on the account annexed to the plaintiffs' petition was

proved to be a just charge for work done on either the new or the old building, and not included in the original contract, except, of course, the item of $57.50 which the judge rejected.

■■ The contractors in this case are not entitled to a lien to secure the work done on the old building, because it was not done under a contract, and no claim for the work was recorded within a year from the date of completion and occupancy of the building. Section 11 of Act No. 139 of 1922, p. 294, provides that, where the owner undertakes to construct or repair a building for his own account or for which no contract is entered into, the recording of an affidavit or evidence of a claim for work done on the building or for material furnished, in the mortgage office in the parish where the work is being done, shall create a lien on the property for the period of one year from the completion or occupancy of the building. No such lien was created for work done or material furnished on the old building. The extra work done on the new building, which was constructed under the recorded contract, was secured by the lien resulting from the registry of the original contract, according to section 1 of Act No. 139 of 1922, p. 290. The contract itself provided for making alterations or doing additional work with the consent of the owner of the building. It was incumbent upon the contractors in this case to prove what items of extra work went into the new building. They did prove that several items, amounting to $417.20, went into the new building; and for this amount, in addition to the $1,300.07 balance due on the original contract price, the plaintiffs are entitled to have their lien recognized.

The judgment appealed from is increased from $1,555.44 to $2,855.44, with legal interest from judicial demand, that is, from July 5, 1926, and with recognition of the lien granted by Act No. 139 of 1922 on the premises No. 421 and 423 Frenchman street, in New Orleans, to secure the payment of $1,717.27 of said sum, and interest; and, as thus amended, the judgment is affirmed.