## EASTERN STATES PETROLEUM CO., Inc., v. GILLILAND REFINING CO.

### No. 8807.

Circuit Court of Appeals, Fifth Circuit.

April 8, 1939.

M. S. McCorquodale, of Houston, Tex., and J. N. Saye, of Longview, Tex., for appellant.

Gordon Simpson, of Tyler, Tex., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment in favor of appellee, as cross-complainant, in an action by appellant against appellee for breach of contract for the sale of 75,000 barrels of fuel oil. Appellant entered a non-suit on its original demand, and the judgment under review was for the recovery of the purchase price of oil sold to appellant by appellee.

To appellant's original action for damages in the sum of $33,775.39, appellee, by answer, interposed a general denial and

prayed affirmative relief by way of cross-action. By amended petition and answer to the cross-action, appellant admitted the alleged contract to purchase from appellee 200,000 barrels of crude tops for $136,438.-87, but alleged that appellee failed to deliver under the terms thereof, and, the value of the oil being alleged to be $1.10 per barrel, demanded damages for the breach in the amount of $60,000, bringing its total demand to $93,775.39.

A jury was impaneled and heard the evidence on the demands of appellant and appellee, at the conclusion of which the court announced its intention to withdraw certain of the issues from the consideration of the jury and to submit certain others, whereupon appellant took a voluntary non-suit, without prejudice, as to the matters set out in its original and amended petitions. The non-suit was granted pursuant to Article 2182 of the Revised Statutes of Texas of 1925, which authorizes non-suits by plaintiffs, but provides that the rights of adverse parties to be heard on claims for affirmative relief shall not be prejudiced thereby.

Thereafter, the trial of the cross-action proceeded. There was a stipulation waiving a jury. The court found against appellee on its claim for $136,438.87, but, on its claim for $2,695.94, found in its favor in the amount of $2300, and rendered judgment accordingly. Appellant assigns as error that the judgment is contrary to the evidence, which it contends established its claim against appellee in excess of $2,-300, and that rescission, upon which the demand for $2,695.94 was based, was not shown by the evidence.

The evidence offered was conflicting, and a finding in favor of either party would have had substantial support. In such circumstances, we should not disturb the findings of the district court, even if it appeared to us that the weight of the evidence was with the plaintiff. United States v. Jefferson Electric Co., 291 U.S. 386, 407, 54 S.Ct. 443, 78 L.Ed. 859. However, appellant insists that, by the introduction of certain documents in evidence, appellee became bound thereby and was precluded from questioning certain recitations contained therein, and that the court erred in overruling this contention. The documents in question were the original petition, and certain correspondence between the parties. Appellant admits that in some instances the documents were introduced for a qualified purpose, and that in others the introduction should have been qualified, but insists that, as to the issue of rescission, they were before the court and that appellee was bound thereby. No matter how this evidence was introduced, we think the trial court gave to the documents their correct weight and interpretation as evidence in the case, and error may not be predicated upon its action. On this appeal, the burden is upon appellant to show that error was committed on the trial, and that the error thus shown was prejudicial to it. 28 U.S.C.A. § 391. A correct interpretation and evaluation of the evidence cannot be prejudicial to either party.

The demand on which recovery was allowed was based upon an alleged agreement to rescind the contract on which suit was originally brought. It is conceded that the consideration paid was $15,000 and that oil products valued in excess of $17,-000 have been delivered to appellant. Under these facts, and the undoubted right of appellee to proceed with its cross-action after non-suit by appellant, the right of appellee to recover the excess seems too clear to admit of discussion. The judgment of the district court granted the non-suit without prejudice to appellant's right to bring another action on the original demand. Appellant cannot complain of this action, since it was taken at its request. Appellee has brought no cross-appeal, so that nothing we may do can affect a subsequent suit by appellant on its original demand.

The judgment of the district court is affirmed.

SIBLEY, Circuit Judge (concurring).

The plaintiff-appellant withdrew all claims on its part by its voluntary nonsuit. The defendant-appellee lost its cross suit on the contract for crude toppings, and has not appealed, so that contract is not before us. It recovered a balance of $2300 on an open account for refined products, which is the judgment appealed from. There is no dispute about the debit items of this account, amounting to $17300. The court allowed as a credit $15000 which the plaintiff-appellant had paid on the fuel oil contract on which it originally sued. The witnesses for each side agree in saying that there was an agreement that it should be so applied; but they differ as to *why* it was to be done. One side claims there was a complete rescission of the fuel oil contract, and the other claims that this payment was

to be transferred to the open account, leaving the dispute about the fuel oil to stand on its merits. The trial judge' did not have to decide that difference, nor do we. It can be decided if a new suit is brought on the fuel oil contract hereafter. In any case the $2300 balance is owing, and the judgment for it was demanded, after the plaintiff-appellant took its claims out of the case by taking a non-suit.