**SUNDT et al. v. TURMAN OIL CO.**

**No. 9170.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1939.

R. Wayne Lawler and Virgil Childress, both of Houston, Tex., for appellants.

Tarlton Morrow, of Houston, Tex., and Conard E. Cooper, of Tulsa, Okl., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Sundt & Williams, a partnership composed of O. F. Sundt and G. D. Williams, and Tolar N. Hamblen sued Turman Oil Company, now Midstates Oil Corporation, for breach of an alleged oral contract.

Maco Stewart and others owned 48.4 acres of valuable oil lands in Galveston County, Texas. The plaintiffs contend that

Tex.Civ.App., 226 S.W. 811, affirmed, Tex.Com.App., 244 S.W. 113.

S. D. Butcher was a representative of Turman Oil Company; and that he had agreed that Turman would "carry" plaintiffs for a 2/32nds overriding interest in the oil, gas, and mineral estate in said lands if they could procure an acceptable trade with Stewart. They further contend that on February 26, 1937, N. T. Gilbert, general manager of the defendant oil company, confirmed the agreement theretofore made by Butcher.

The lease sought was one for oil and gas development on the land owned by Stewart and others. It is agreed that at no time was Stewart and his associates to pay any commission for the procurement of such lease contract.

The plaintiffs further contend that they instituted negotiations between Turman Oil Company and Maco Stewart; that while these negotiations were in progress, but before a trade was consummated, the said Gilbert, who was conducting negotiations for Turman Oil Company, refused to proceed further, that thereafter negotiations were resumed directly between Turman Oil Company and Maco Stewart in New York City; that as a result of these direct negotiations the parties entered into a lease or developing contract on April 3, 1937. Upon hearing of the resumption of negotiations in New York City, the plaintiffs tendered their services and gave notice that if any trade was consummated they would expect their agreed 2/32nds interest inasmuch as they were the procuring cause of the commencement of negotiations. Turman Oil Company refused to recognize the plaintiffs as owning any interest whatever in the oil, gas, or minerals in the lands which it had leased from Maco Stewart and the other owners.

The plaintiffs seek by this suit to impress the interest acquired by Turman Oil Company with a trust in their favor for a 2/32nds overriding royalty in the leasehold estate.

In its answer the Turman Oil Company denied the allegations of the bill of complaint and alleged in substance that Butcher and Gilbert were not authorized to make or confirm the alleged agreement, and that this fact was well known to the plaintiffs. The answer further denied that Butcher made or Gilbert confirmed any agreement with the plaintiffs.

The cause was heard by the Court without a jury and at the close of the evidence the Judge prepared findings of fact and conclusions of law. Judgment was entered for the defendant and the plaintiffs appealed.

The evidence discloses that the plaintiffs sought to bring together Maco Stewart, representative of the owners of the 48.4 acre tract, and Turman Oil Company for the purpose of negotiating an oil and gas lease contract; that the oil company was represented by Gilbert, its general manager; that much time and energy was spent in trying to bring about a trade; that Maco Stewart declined to accept the offers made by Turman Oil Company and the oil company refused to agree to Stewart's price; that finally Gilbert and Stewart abandoned the negotiations, and Stewart destroyed all his papers and memoranda of the proposed transaction.

Thereafter Stewart went to New York on business. While at his office in New York he was approached by Benton, president of Turman Oil Company, and they entered negotiations and finally agreed upon terms and a lease contract was entered into.

Maco Stewart was a disinterested witness at the trial of this cause. He testified that the plaintiffs had nothing to do with the contract as made; that the negotiations started by the plaintiffs had been abandoned and discontinued; that he did not go to New York to lease the land; that the matter was not on his mind after the parties had failed to get together in Texas; that he had maintained an office in New York for a number of years and that he had gone there on other business; and that Benton of New York was not known to him.

The evidence supports the finding that the efforts of the plaintiffs did not bring about and procure the lease contract entered into by the parties. Moreover, the evidence supports the finding that the plaintiffs knew that Gilbert and Butcher could not enter into a lease contract on behalf of Turman Oil Company without submitting the proposition to headquarters in New York City.

After a careful consideration of all the evidence, we are of opinion, and so decide, that the lease was not consummated through the efforts of the plaintiffs and that they were not the procuring cause of the contract. Furthermore, the evidence is sufficient to support the finding that neither Butcher nor Gilbert agreed to give

plaintiffs a 2/32nds overriding royalty interest.

The findings of the Court are supported by the evidence and will not be disturbed on appeal. Rules of Civil Procedure for the District Courts of the United States, Rule 52, 28 U.S.C.A. following section 723c; Great Atlantic & Pacific Tea Co. v. Grosjean, 301 U.S. 412, 420, 57 S.Ct. 772, 81 L.Ed. 1193, 112 A.L.R. 293; Borden's Farm Products Co. v. Ten Eyck, 297 U.S. 251, 261, 56 S.Ct. 453, 80 L.Ed. 669; Murphy v. Sun Oil Co., 5 Cir., 86 F. 2d 895.

The judgment is affirmed.