## CITY OF BATON ROUGE, LA., v. ROBINSON.

## ROBINSON v. CITY OF BATON ROUGE, LA.

### No. 9939.

Circuit Court of Appeals, Fifth Circuit.
April 28, 1942.

Rehearing Denied June 2, 1942.

stallation of a sewer system. The project was satisfactorily completed in 1931, and the City then paid the balance it acknowledged to be due under the contract. Robinson claimed to be entitled to $13,095.95 additional, that sum being the aggregate of five separate claims arising under distinct provisions of the contract and specifications. Judgment was entered for Robinson on two of the claims, from which the City has appealed; and on the remaining three claims recovery was denied, as to which Robinson has brought a cross-appeal.

The cross-appeal may be disposed of in a few words. Cross-appellant admits that two of these claims presented only issues of fact, and that there was substantial evidence before the court which, if believed, supported the finding made by the trial court. In such circumstances the finding of a court sitting as judge and jury should not be disturbed on appeal.[1] The third was a claim for compensation for extra work performed pursuant to oral orders from the city engineer. The contract provided that no compensation for extra work should be allowed unless ordered in writing by the engineer; and it also appeared from the evidence that an agreement had been reached and a settlement made as to this claim at the time of the completion of the project. For these reasons the disallowance was proper; and the judgment appealed from is affirmed as to all issues raised by the cross-appeal.

The direct appeal presents two questions, the first of which involves a dispute over the amount payable under the contract for extra work done pursuant to a change in the plans after the contract had been let. The original specifications, upon which the contractor's bid was based, called for the installation of approximately 40,000 linear feet of house service pipe. The City was authorized by the contract to increase the amount of the pipe to be installed, which right it exercised by requiring that a total of 82,978 linear feet of pipe be installed. The contractor claims that he was entitled to 42¢ per linear foot for the extra installation, and the City contends that the contract fixed the price therefor at 26¢ per linear foot.

The contractor's bid was made upon a unit-price basis, and his bid on the house

H. Payne Breazeale, of Baton Rouge, La., for appellant and cross-appellee, City of Baton Rouge, La.

P. G. Borron, of Baton Rouge, La., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This suit was filed by George Robinson to recover an unpaid balance alleged to be due him under a contract with the City of Baton Rouge for the construction and in-

[1] Swenson v. Cunningham, 5 Cir., 157 F. 753; Fox v. Lofland, 3 Cir., 98 F. 2d 589; Eastern States Petroleum Co. v. Gilliland Refining Co., 5 Cir., 103 F. 2d 186; Sundt v. Turman Oil Co., 5 Cir., 107 F.2d 762; Keystone Motor Freight Lines v. Brannon-Signiago Cigar Co., 5 Cir., 115 F.2d 736.

service pipe was 26¢ per linear foot. Section 8 of the general specifications of the contract provided that, if changes in the plans increased the cost of the work, the contract price should be increased in an amount computed by using the unit prices given by the contractor in his bid as the price for such additional work wherever such basis was applicable. It appears that the parties intended this provision should require the application of the unit-price basis in the computation of the increase to the contract price in this instance, and it is of no legal consequence that the contractor's original bid upon the house service pipe was erroneously submitted at a figure substantially below its cost to him. The contract entitled the City to this additional work at the price of 26¢ per linear foot; that price was paid, and the claim for additional compensation by reason thereof should not have been allowed.

■ The final question for decision involves the right of the City to assess damages and engineering costs against the contractor by reason of his failure to complete the contract within the 225 days allotted therefor. Section IV of the contract provided that, in the event completion of the work should be delayed by changes in the work, acts of God, or circumstances beyond the control of the contractor, the time of completion should be extended for such reasonable time as the City's engineer might decide would compensate for such delay.

The evidence is in grave conflict as to the extra number of days actually required to·complete the project, and as to the number of days by which the time for completion should have been extended to compensate for delays; and the court below made no express finding thereon. If the project was not completed within the required time, the failure of the contractor in that regard resulted in a passive breach of contract, and the City was obliged to put the contractor in default as a prerequisite to the recovery of the penalty for unwarranted delay.[2] The contractor admittedly was never put in default, and the City was not authorized to assess damages against him for delay. The contractor was entitled to judgment in the amount of the sum thus withheld from him, together with interest at the rate of five per cent per annum thereon from the date this sum should have been paid.[3]

The judgment appealed from is affirmed in part and reversed in part, and the cause is remanded to the court below for further proceedings not inconsistent with this opinion.

---

[2] Davis v. Glenn, 3 La.Ann. 444; Godchaux v. Hyde, 126 La. 187, 52 So. 269; Herman Bros. v. Troxler, 166 La. 587, 117 So. 727; Haffner & Taylor v. Perloff, 174 La. 687, 141 So. 377.

[3] Article 1938, Revised Civil Code of Louisiana.