HALL, Judge.
Plaintiff, alleging defendant’s breach of contract, filed suit for the return of a $2,-000.00 deposit plus an equal amount as a liquidated penalty plus a further sum of $654.07 as special damages. Following trial on the merits the District Judge rendered judgment in plaintiff’s favor for $4,000.00 representing the amount of the deposit plus the penalty but denied the special damages. Defendant appealed. Plaintiff neither appealed nor answered the appeal.
Before the date of the trial defendant tendered the return of the deposit by placing same in the registry of the court, and there is no contest with respect thereto. The sole question before this Court is whether plaintiff is entitled to the penalty.
Plaintiff and defendant entered into a written contract on April 25, 1962 according to the terms of which defendant agreed to erect for plaintiff a dwelling on an unspecified lot on Aurora Street in Jefferson Parish according to plans and specifications attached to the contract and to sell the lot to plaintiff with the improvements erected thereon on or before July 1, 1962. In accordance with the terms of the contract plaintiff deposited the sum of $2,000.00 with defendant. In connection with the deposit the contract provided:
“In the event the seller does not comply with this agreement within the time specified, the purchaser shall have the right either to demand the return of his deposit in full plus an equal amount to be paid as penalty by the seller; or the purchaser may demand specific performance, at his option.”
Defendant commenced construction of the residence but it was not completed by July 1, 1962 and the sale of the lot and improvements was never consummated.
On the trial of the case defendant endeavored to prove that the non-completion of the residence by July 1, 1962 was due to no fault on his part but was due to delays caused by many changes in the plans and specifications requested by plaintiff and his wife during the progress of the work. By far the greater part of the testimony adduced at the trial was in connection with this issue. The District Judge held that defendant failed to prove that the changes were the cause of the delayed construction, and defendant-appellant urges no error in *402 this finding. As a matter of fact he concedes in effect that the delay was occasioned by his fault. Defendant’s sole contention in this Court is that the Trial Court erred in awarding the penalty because, he contends, defendant was never put in default. This contention does not appear to have been argued to the Trial Court.
The issues to be decided are whether under the circumstances of this case a putting in default was a condition precedent to a demand for the penalty, and if so whether defendant was put in default.
The facts insofar as pertinent to this question are as follows: At the time the contract of April 25, 1962 was executed plaintiff informed defendant that he had sold the home he was then occupying and had contracted to deliver occupancy to the purchaser on July 1, 1962 and that it was essential that defendant complete his contract on or before that date. Defendant admitted that he realized any delay beyond July 1, 1962 in completing the building undertaken by him would work a distinct hardship on plaintiff who would have no place to live.
When the work was not completed by July 1st defendant requested an extension of the contract time. Plaintiff was then without a place to live and it was verbally agreed that pending completion of the house plaintiff and his wife would move into a motel and that defendant would pay the motel rent until the house was ready for delivery. Plaintiff and his wife moved into the motel on July 1st and remained there until July 21st. On July 20th plaintiff requested that he be permitted to move into the house although it was not then completed, but defendant refused unless plaintiff would “pre-sign” the act of sale which of course plaintiff was unwilling to do. Defendant also insisted that the contract price be increased by $325.00 to cover certain extras claimed by him. Plaintiff refused to pay for the extras on the ground that in his opinion, none were due and the parties came to a parting of the ways.Defendant had paid the motel rent up to July 14th but refused to pay the third week’s rent which became due on July 21st.
Defendant had made arrangements with Ideal Homestead Association to finance plaintiff’s purchase and on Monday morning, July 23rd, plaintiff’s wife telephoned the homestead and spoke with Mrs. Klien, the assistant-secretary. She testified that the sole purpose of her call was to find out when the< act of sale was scheduled. She further testified that Mrs. Klien informed her that it would be “sometime next week.” Mrs. Klien’s version of the conversation was that she informed plaintiff’s wife that the sale was scheduled for the following Saturday, and that when she did so plaintiff’s wife announced that they were going to finance the property through some other homestead.
When Mrs. Klien related this conversation to the homestead’s attorney he immediately addressed a letter to plaintiff, with a copy to plaintiff’s wife, advising them that the sale would be passed on Tuesday July 24, 1962 at 10 A.M. and that if plaintiff failed to appear at that time and take title he would be placed in default. The attorney’s letter was dated July 23, 1962. Neither plaintiff nor his wife received this communication until after the time set for the sale.
On July 24, 1962 plaintiff’s attorney wrote to defendant demanding return of the $2,-000.00 deposit plus payment of the $2,000.00 penalty and certain special damages. After some further correspondence between the attorneys for the parties, plaintiff filed this suit.
We are of the opinion that the contract of April 25, 1962 was essentially a building contract as opposed to a contract for the sale of real estate and the record shows that the parties so regarded it.
It is well settled that a contractor’s failure to complete a building contract within the time specified in the contract constitutes merely a passive breach thereof and *403 that a 'putting in default is a condition precedent to the recovery of liquidated damages for the contractor’s delay in completion unless by the terms of the contract a putting in default is waived or unless by stipulation in the contract or by the nature and circumstances of the agreement time is of the essence thereof, or unless a putting in default is excused by some act of the obligor which would render it a vain and useless thing. See Haffner & Taylor v. Perloff, 174 La. 687, 141 So. 377; Herman Bros. v. Troxler, 166 La. 587, 117 So. 727; Binnings Construction Company, Inc. v. Louisiana Life Insurance Company, La.App., 139 So.2d 561, 1 Loyola Law Review 127.
In the instant case the contract neither waives the putting in default nor does it stipulate that time is of the essence. Plaintiff contends however that time was of the essence since the defendant contractor undertook the construction with the knowledge and realization that delivery of the completed home by July 1, 1962 was vitally necessary to plaintiff and his family.
We are of the opinion that under the circumstances time was of the essence of the contract when it was entered into but we are of the further opinion that plaintiff waived the contractor’s delay in performance by agreeing to an indefinite extension of the contract and time ceased to be of the essence.
Although plaintiff takes the position that a putting in default was unnecessary, he contends that he nevertheless actually put defendant in default. Before .considering this contention it is necessary first to determine whether plaintiff himself was placed in default by the homestead attorney’s letter of July 23, 1962. We do not think so. Plaintiff was entitled to reasonable notice of the sale and fixing the time therefor at 10 o’clock the next morning was not reasonable notice. Moreover neither plaintiff nor his wife received the letter until after the time fixed for the sale. In addition thereto it is a matter of serious doubt whether defendant could have delivered a completed house to plaintiff at 10 A.M. July 24th. Three witnesses in addition to plaintiff and his wife testified that the house was not complete as of that time. Defendant himself admitted that the house had not been completed by July 23rd but testified that it was completed on July 24th although he did not know whether it was completed in the forenoon or the afternoon of that date.
Plaintiff contends that defendant was put in default by the letter written by his attorney on July 24th. Although this letter bears the caption “Notice of Default and Demand for Return”, a careful reading thereof shows that it was merely a demand for return of the deposit plus penalties and damages. The letter does not contain any offer to perform on the part of plaintiff which under Article 1913 of the Civil Code (LSA-C.C. art. 1913) is a requisite of a legal putting in default.
Plaintiff contends that he again put defendant in default by a letter written by his attorney to defendant’s attorney dated July 27th. A careful reading of this six page letter shows that it is merely a history of the matter written from plaintiff’s point of view. Again there is no offer of performance on the part of plaintiff. Neither is plaintiff’s letter of August 2nd a putting in default.
We are of the opinion that a putting in default was a condition precedent to a demand by plaintiff for the penalty and that defendant was never put in default.
For the foregoing reasons the judgment appealed from is amended by reducing the amount awarded plaintiff from $4,000.00 to the sum of $2,000.00 together with interest on such latter sum from date of judicial demand until November 12, 1963 and as so amended and in all other respects the judgment is affirmed. Costs of this appeal to be borne by plaintiff-appellee.
Amended and affirmed.