AYRES, Judge.
By this action ex contractu plaintiff seeks to recover a balance allegedly due under a contract for the construction of a residence. This bid, made in accordance a reconventional demand based upon alleged defects in construction, including the use of substandard materials, and upon the enforcement of a delay penalty for failure to complete the work within a designated period. There was judgment in favor of plaintiff for the sum of $3,470.46 and, further, rejecting defendant’s reconventional demand. From the judgment thus rendered and signed, defendant prosecutes this appeal.
Plaintiff, a building contractor, originally entered a bid of $82,000.00 for the construction of a home to be used as defendant’s residence. This bid, made in accordance with original plans and specifications prepared by a New Orleans architect, was far in excess of defendant’s contemplated expenditure of $60,000.00. After several months’ negotiations a contract was entered into whereby plaintiff agreed to construct defendant’s home on a cost-plus-ten-percent basis, with the total expenditure limited to $60,000.00. The negotiations resulted in substantial changes in both plans *206 and specifications, including a change of location of the residence upon the lot, the almost complete reversal of the floor plans of the lower and upper stories of the 2-story construction, and the extensive substitution of materials for those originally specified. These changes were agreed upon to bring the cost within. the limits of defendant’s proposed expenditure.
No serious issue is presented as to plaintiff’s substantial completion of the contract,-nor as to 'the allegation that the completion entailed extras to the extent of, $4,470.46.,. These facts, as testified by plaintiff and his son,, .who was jointly concerned with his father in the project, are contradicted., by-.the testimony of defendant only. Moreover, defendant and his family moved into the residence September 1, 1962, and, on September 29, 1962, defendant executed a notarial acceptance of the work, which recited, that plaintiff had satisfactorily performed everything required of him under the contract with the, exception of “some small items.” Defendant also, noted in the acceptance that something would have to be done with relation to the functioning of the air-conditioning system in order to satisfy him.
We observe that defendant did have a number of complaints, none of which appeared to be substantial, and these plaintiff, to the best of his ability, attempted to correct. The air-conditioning system was supplied and installed by another under a con-, tract between such other and defendant. Plaintiff had -no responsibility with respect to it.
The construction cost, including extras, aggregated the sum' of $64,470.46. From October 30, 1962, to August 2, 1963, inclusive, defendant made payments amounting to $61,000.00, leaving the balance of $3,470.46. claimed by plaintiff in this action.
The conclusion is inescapable that plaintiff at least substantially performed his contract. Under such performance of a building contract, the rights and remedies of the parties have been clearly defined. The law is well settled that when a contractor has substantially performed a building contract, he is entitled, in an action on the contract, to recover the contract price less whatever damages the. owner may establish attributable to a breach. Thus, in the presence of a substantial compliance or performance, the owner’s remedy is to allege and prove the nature and extent of the unfinished or defective work, as .well as.the' necessary cost for -its. completion or correction, s.o as .to reduce plaintiff’s claim by -that amount. Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880 (1961); Loeb v. Neilson, 128 So.2d 447, La.App., 4th Cir.1961; Lillis v. Anderson, 21 So.2d 389, La.App., Orl.1945; Merrill v. Harang, 198 So. 386, La.App., 1st Cir.1940.
 Thus, as pointed out in Dugue v. Levy, 114 La. 21, 37 So. 995 (1904), a substantial performance of a building contract is all that the law requires, and the owner will not be permitted to avoid payment to the contractor because the contract has not been strictly complied with. Slight deviations, or technical, unimportant, or inadvertent omissions or defects, will not bar recovery.
The primary issues for consideration relate to defendant’s reconventional demands. These are exclusively factual in 'character. The trial court, ip. a. written opinion, analyzed in- considerable detail the opposing, claims and. the testimony with respect thereto. It is not deemed necessary that, such a full discussion be repeated here;reference to the major items will suffice. ,
Defendant complains, that with regard to the plumbing, extra heavy cast-iron pipe should have been used below “grade” instead of a lesser-weight pipe; that service-weight cast-iron pipe should have been used on outside sewer lines instead, of vitrified tile; and that type “K,” a heavy grade of copper pipe, should have been installed for hot-and-cold water lines instead of'type “L,” a lighter-weight pipe. While it is true *207 the original specifications called for the grades of materials contended for, the fact •is that the bids received from subcontractors specified the grades of materials actually used. The record clearly reflects that these changes wefe made through agreement of the parties, including defendant, in order to reduce the total cost of construction to that insisted upon by defendant.
A further complaint was made with reference to plaintiff’s inability to furnish a 20-year bond on the roof. The roof designated in the specifications originally drawn was to be a Johns-Manville 5-ply Aquadam built-up.' roof with white-marble chip or gravel surface. Again by agreement, a Bird roof was installed. It developed after the roof was installed that the manufacturer did not bond its roofs on residential structures. Defendant was not charged with a premium on the bond. Plaintiff, however, secured the obligation of the applicator of the roof to maintain the roof over a period of 20 years.
Defendant contends there was a duplicate charge to the extent of $227.35 for hanging the electrical fixtures. Labor and materials for the electrical work were bid by a subcontractor at $3,142.00, which included an allowance for the purchase and installation of lighting fixtures and lamps. It is not shown wherein a duplication of charges for this item has resulted.
There was an extra charge on the plumber’s invoice of $41.50 for relocating a sink. Defendant ordered the sink moved to another location after it had been “roughed in” by -the plumber. However, there is no showing that it was improperly located in the first instance.
Nor do we find any merit in the demand for an accounting with reference to the allowance for the purchase of brick. The cost was the same as specified in the allowance. In this regard, as well as with reference to all these items of which defendant complains, it may be further observed that defendant was furnished copies of all invoices and checks issued by plaintiff relating to this project before defendant made the first payment on the contract
Moreover, it should be pointed out, with respect to all of the defects and materials of which defendant complains, that no adequate proof has been made of the cost of repairing or completing the work. The burden was on defendant to furnish that proof. Aireo Refrigeration Service, Inc. v. Fink, supra.
As liquidated damages for the delay in completion of the work, defendant claims a penalty of $50.00 per week for 156 weeks. This claim is without merit.. First, it is generally recognized that penalty provisions of a contract must be strictly construed. Here, it may be observed that the contract provided that the residence be constructed within a period of 125 days from the date of recordation of the contract. According to the record, defendant has never recorded the contract; hence, the delay period never began to run. Second, the rule is that where a building contract provides for a completion date and contains a liquidated-damage clause, it is prerequisite to the recovery of delay penalties that the contractor be placed in default, in the absence of a stipulation to the effect that the contractor would be in default by the mere expiration of the term fixed. Haffner & Taylor v. Perloff, 174 La. 687, 141 So. 377, 378 (1932) ; Gulotta v. Swinney, 143 So.2d 775, 783-784, La.App., 1st Cir.1962.
Defendant did not place plaintiff in default, nor did the contract provide that plaintiff would be considered in default by the mere failure to complete the work within the specified delay.
From our review of the record, we find no error in the judgment appealed; hence, it is affirmed at defendant-appellant’s costs.
Affirmed.