493 F.2d 839
 Judith A. WREN and/or Rena M. McAllister, Plaintiffs-Appellants.
v.
NEW YORK LIFE INSURANCE COMPANY, Defendant-Appellee,
Elizabeth Wren, Ronnie Thomas Wren, b/n/f
Elizabeth Wren, and Cynthia Rence Wren,
b/n/f Elizabeth Wren,
Intervenors-Appellants.
 No. 73-2792.
 United States Court of Appeals, Fifth Circuit.
 May 8, 1974, Rehearing and Rehearing En Banc Denied July 3, 1974.
 
 Peter L. Boney, F. H. Boney, Archibald A. Farrar, Summerville, Ga., for intervenors.
 A. Cecil Palmour, Bobby L. Cook, Summerville, Ga., for J. A. Wren, and others.
 Oscar M. Smith, Rome, Ga., Ben Kingree, M. D. McLendon, Atlanta, Ga., for defendant-appellee.
 Before COLEMAN, CLARK and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this diversity case, the validity or invalidity ab initio, under a Georgia statute, of a life insurance policy is the decisive issue. Regrettably, the State Courts of Georgia have had no occasion to discuss the question, so we are compelled to proceed without Erie guidance. By summary judgment, the United States District Judge, sitting in Georgia, held the policy to be invalid. We affirm.
 
 
 2
 Section 56-2407 of the Georgia Code provides in part as follows:
 
 
 3
 'No life . . . insurance contract upon an individual, . . . shall be made or effectuated unless at the time of the making of the contract the individual insured being of competent legal capacity to contract, applies for or consents in writing thereto, . . .'
 
 
 4
 In discussing this statute, the District Court stated:
 
 
 5
 'There has existed at common law a general rule establishing a public policy against the issuance of a policy of life insurance without the knowledge or consent of the person insured. It has been deemed that to allow the insuring of the life of a person without his knowledge or consent could be a contributing factor toward the commission of a crime and could create a substantial risk to the unknowing insured person. 44 C.J.S. Insurance 241; 43 Am.Jur.2d, Insurance, 242.
 
 
 6
 'While the public policy at common law dealt with 'knowledge or consent' the Georgia Legislature has been even more restrictive by providing that the insured must either apply for the insurance or consent thereto in writing. Ga.Code Ann. 56-2407.'
 
 
 7
 On November 11, 1971, at Rossville, Georgia, Mrs. Judith Ann Wren, age 30, applied for a policy of insurance on the life of her former husband, Roger Thomas Wren, also 30 years old. The idea was that the policy would be for 'the protection of the children'. The application form specifically states that Mrs. Wren is 'the applicant', stating the date of her birth, that her relationship to the proposed insured is that of ex-wife, that she is a self-employed beautician, and giving both her business and residence addresses. She signed the application on a line by the designation, 'Signature of Applicant, if not Proposed Insured'. She paid the premium and was designated as owner and primary beneficiary of the policy.
 
 
 8
 Thus, the finding of the District Court that Mrs. Wren, not her ex-husband, was the policy applicant cannot be clearly erroneous.
 
 
 9
 This leaves for consideration only the second facet of the statute, which requires that the proposed insured 'consent in writing thereto'.
 
 
 10
 The application form contained a place for the 'Signature of Proposed Insured'. Mrs. Wren signed her former husband's name, 'Roger Wren'. Her pre-summary judgment deposition that she did so with the permission of her ex-husband, given over the telephone, and did it in the presence of the insurance agent, is undisputed. It is therefore taken as true for summary judgment purposes.
 
 
 11
 The policy was delivered sometime in December, 1971.
 
 
 12
 The former husband had remarried. On the night of January 7, 1972, he telephoned his former wife and insisted that she meet him at a parking lot at about 11 o'clock. From there, against her will, he drove her to her house in her automobile. Soon afterward, she killed him with a pistol. According to her testimony, undisputed in this record, the act was done in self-defense.
 
 
 13
 In any event, the Company declined to pay the policy, claiming, among other grounds, that the policy was void because issued in violation of the statute, i.e., the deceased insured had not consented in writing thereto. On this issue, the District Court held:
 
 
 14
 'The Court is of the opinion that a telephone communication, which allegedly gives one the right to sign an application for insurance and which is subsequently signed by that party, does not constitute the consent in writing by the insured as required by Georgia law. Having found that the insured neither applied therefor nor consented in writing thereto, no valid life insurance contract was issued in this case. Therefore, defendant's motion for summary judgment must be granted.'
 
 
 15
 In the absence of controlling state authority, the opinion of the trial judge must be accorded great weight, Diamond Crystal Salt Company v. Thielman, 5 Cir., 1968, 395 F.2d 62.
 
 
 16
 Even so, the attorneys for the appellants in this case are to be complimented for the professional efforts they have exerted in behalf of the validity of this policy. They have reminded us that no Georgia State Court has specifically held 56-2407 to be an expression of Georgia public policy. They direct our attention to the fact that the Court of Appeals of Louisiana, Third Circuit, in Adam Miguez Funeral Home, Inc. v. First National Life Insurance Company, 234 So.2d 496 (1970) has held a similar Louisiana statute not to be an expression of public policy because its purpose was not 'for the preservation of public order or good morals'.
 
 
 17
 We believe it to be the public policy of the State of Georgia, however, that a valid policy of life insurance may not be taken, without his consent, on the life of another in whom the applicant has no insurable interest, as in the case of a divorced wife, see, e.g., Union Fraternal League v. Walton, 109 Ga. 1, 34 S.E. 317 (1899).
 
 
 18
 It logically follows that the purpose of the statute is to put that consent beyond all question by requiring it to be in writing. Likewise, the very purpose and specific requirement of the statute would be rendered meaningless if one could meet its terms by alleging written consent to have been verbally authorized, something that the deceased insured would hardly be in position to dispute.
 
 
 19
 Moreover, it is vigorously urged that under Georgia law one may apply for insurance through an agent duly designated and authorized for that purpose and that the deceased had made his ex-wife his agent to file the application.
 
 
 20
 It is undisputed, however, that as between the ex-wife and the ex-husband the insurance idea originated with the ex-wife, she negotiated the contract with the insurance agent, signed all the papers, paid the premium, and when she could not get the proposed insured to come to her beauty shop to sign the application in person she signed his name with his verbal permission. Considering these facts and the contents of the application as made a part of the policy, we cannot, as already stated, hold the finding that the ex-wife was the applicant to have been clearly erroneous.
 
 The judgment of the District Court is
 
 21
 Affirmed.
 
 
 22
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 
 
 23
 In this petition for rehearing, appellants quite properly call attention to an inadvertent error in the language used in the per curiam opinion, wherein it was stated, 493 F.2d at 840, 'Thus, the finding of the District Court that Mrs. Wren, not her ex-husband, was the policy applicant cannot be clearly erroneous', when it should have been said that 'The evidence before the District Court on the motion for summary judgment raised no genuine issue of material fact'. Similar language should have been used at the close of the opinion. To this extent, the petition for rehearing is granted, but it causes no change in the result, to which the Court adheres. In all other respects, the petition for rehearing is denied.
 
 
 24
 No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the petition for rehearing en banc is denied.