**Guillermo G. SANTILLANA,
Plaintiff-Appellee,**

v.

**Herbert M. WILLIAMS,
Defendant-Appellant.**

**No. 78-3829
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

July 25, 1979.

Jim Denison, Harlingen, Tex., for defendant-appellant.

Thomas G. Sharpe, Jr., Brownsville, Tex., for plaintiff-appellee.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

In this diversity case decided under Texas substantive law, a carefully instructed jury found that defendant had knowingly made a false statement to the sheriff in violation of a state statute, Tex.Penal Code Ann. § 37.08, which resulted in the incarceration of plaintiff, who was almost immediately released when the charges were dismissed. It assessed $10,000 against defendant.

The controlling issue on appeal is whether there is such a cause of action in Texas. Plaintiff has cited no cases which hold there is such a cause of action. Defendant, asserting that in Texas there is no civil cause of action for violation of Tex.Penal Code Ann. § 37.08, absent all the elements of malicious prosecution, has cited no cases supporting his position. The trial judge denied two motions for directed verdict and a motion for judgment notwithstanding the verdict against the argument that plaintiff

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 430 F.2d 409, Part I.

had not proven all of the elements of malicious prosecution, without which, defendant argued, there is no civil cause of action for violation of the state statute.

In the absence of controlling state authority, the interpretation of state law by a local federal trial judge must be accorded great weight. 1A Moore's Federal Practice ¶ 309[2] at 3125–3129 (2d ed. 1965); *Wren v. New York Life Insurance Co.*, 493 F.2d 839, 841 (5th Cir. 1974); *Insurance Co. of North America v. English*, 395 F.2d 854, 860 (5th Cir. 1968). *See also Bernhardt v. Polygraphic Co.*, 350 U.S. 198, 204, 76 S.Ct. 273, 100 L.Ed. 199 (1956).

The burden of appellant on appeal is to persuade the appellate court that the trial judge committed an error of law. *See Gardner v. California*, 393 U.S. 367, 370, 21 L.Ed.2d 601 (1969); *Eastern States Petroleum Co. v. Gilliland Refining Co.*, 103 F.2d 186, 187 (5th Cir. 1939). We are not so persuaded in this case.

AFFIRMED.