# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10073
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO BALLESTEROS, also known as Antonio Ballesteros Meza,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-122-21

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Antonio Ballesteros appeals his conviction and 360-month sentence for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, asserting that the district court (1) violated his rights under the Confrontation Clause; (2) admitted improper hearsay evidence; (3) admitted unfairly prejudicial drug evidence seized from an uncharged coconspirator; and (4) erroneously applied a two-level guidelines enhancement

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the offense involved the importation of methamphetamine. Ballesteros concedes, correctly, that the last issue is foreclosed. *See United States v. Foulks*, 747 F.3d 914, 914-15 (5th Cir. 2014).

Ballesteros first contends that the district court violated the Confrontation Clause by admitting into evidence a report reflecting his movements based on GPS tracking of his cell phone. Because Ballesteros did not raise his Confrontation Clause claim in the district court, we review this issue for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). The Sixth Amendment prohibits prosecutors from introducing an out-of-court testimonial statement at trial unless the declarant is unavailable to testify and the accused has had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 59, 68 (2004). The Confrontation Clause applies to testimonial hearsay and does not bar the admission of nonhearsay statements. *See Williams v. Illinois*, 567 U.S. 50, 57 (2012). A "statement," for purposes of the hearsay rule, is "a *person's* oral assertion, written assertion, or nonverbal conduct[.]" FED. R. EVID. 801(a) (emphasis added).

Ballesteros does not cite, and we have not found, any decision by this court holding that the output of a computer program, such as a GPS report, amounts to a hearsay "statement" under the Sixth Amendment. A "lack of binding authority is often dispositive in the plain-error context." *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015). Moreover, at least six other circuits have held that machine "statements" do not constitute hearsay for confrontation purposes. *See United States v. Lizarraga-Tirado*, 789 F.3d 1107, 1109-10 (9th Cir. 2015) (collecting cases). Given the above, Ballesteros fails to show that the district court clearly or obviously violated the Sixth Amendment by admitting the GPS report. *See Puckett*, 556 U.S. at 135.

No. 17-10073

Ballesteros next argues that the GPS report, a cell phone "common call analysis," a cell phone "frequency report," a Facebook profile for "Anthony Meza," and recordings of his pretrial jail phone calls and related testimony were admitted in violation of the hearsay rule.  Hearsay is "a statement that . . . the declarant does not make while testifying at the current trial or hearing; and . . . a party offers in evidence to prove the truth of the matter asserted in the statement."  FED. R. EVID. 801(c).  The admission of the GPS report, common call analysis, and frequency report is reviewed for plain error.  *See Puckett*, 556 U.S. at 135.  As to the Facebook profile and jail tapes, however, Ballesteros must show that the district court abused its discretion by admitting them over his timely hearsay objection.  *See United States v. Valas*, 822 F.3d 228, 239-40 (5th Cir. 2016).

Like his related Sixth Amendment claim, Ballesteros's hearsay complaint about the GPS report fails on plain error due to a lack of binding authority that machine "statements" are hearsay and ample persuasive authority that they are not.  *See Gonzalez*, 792 F.3d at 538; *Lizarraga-Tirado*, 789 F.3d at 1109-10.  Furthermore, his argument about the common call analysis and call frequency charts is really a hearsay challenge to the underlying phone records, which were never in evidence.  In any event, Ballesteros's plain error analysis is wholly inadequate.  *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) (holding that inadequately briefed arguments are abandoned).  Therefore, he fails to demonstrate clear or obvious hearsay error as to these exhibits.  *See Puckett*, 556 U.S. at 135.

Ballesteros's argument with respect to the "Meza" Facebook profile relies on *United States v. Browne*, 834 F.3d 403, 412-13 (3d Cir. 2016).  Even were *Browne* binding authority, it relevantly concerns authentication under Federal Rule of Evidence 901, not hearsay.  *See id.* at 408-14.  Otherwise, Ballesteros

cites no law holding that a social media profile, used in the manner herein, implicates the hearsay rule and fails to explain how, in the manner used, the "Meza" Facebook profile made an assertion—offered for its truth—that "Meza" was in fact Ballesteros.  *See* FED. R. EVID. 801(c); FED. R. APP. P. 28(a)(8)(A) (requiring appellant to cite authorities).  Ballesteros further fails to identify any specific hearsay statement contained in his recorded jail calls or related testimony.  *Santillana v. Williams*, 599 F.2d 634, 635 (5th Cir. 1979) ("The burden of appellant on appeal is to persuade the appellate court that the trial judge committed an error of law.").  Given the above, he shows no abuse of discretion in admitting these exhibits.  *See Valas*, 822 F.3d at 239-40.

Lastly, Ballesteros argues that the district court erred by admitting into evidence methamphetamine that was seized from the car of an uncharged coconspirator.  Under Federal Rule of Evidence 403, a court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice."  FED. R. EVID. 403.  We will not reverse a district court's Rule 403 ruling absent a clear abuse of discretion.  *United States v. Williams*, 620 F.3d 483, 492 (5th Cir. 2010).

Ballesteros asserts that evidence of an independent drug transaction between two other members of the conspiracy risked confusing the jury about his own participation in the conspiracy.  Prosecutors, however, presented ample evidence of Ballesteros's involvement in the conspiracy through his own wiretapped phone conversations and related law enforcement testimony.  As such, Ballesteros fails to show that admission of the complained-of evidence and testimony created a substantial risk that jurors would be confused as to his involvement in the charged conspiracy.  *See* FED. R. EVID. 403.  He thus fails to show a clear abuse of discretion.  *See Williams*, 620 F.3d at 492.

In all respects, the judgment of the district court is AFFIRMED.